[Cite as *Gentile v. Turkoly*, 2017-Ohio-2958.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| RICHARD D. GENTILE, M.D, | ) | CASE NO. 16 MA 0071 |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| KELLY TURKOLY, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:     Application for En Banc Consideration

JUDGMENT:                                     Denied.

APPEARANCES:
For Plaintiff-Appellant:                     Atty. Christopher P. Lacich
                                                      Roth, Blair, Roberts, Strasfeld & Lodge,
                                                      L.P.A.
                                                      100 East Federal Street, Suite 600
                                                      Youngstown, Ohio  44503

For Defendant-Appellee:                  Atty. Christopher J. Regan
                                                      Atty. J. Zachary Zatezalo
                                                      Bordas & Bordas, LLC
                                                      1358 National Road
                                                      Wheeling, WV 26003

JUDGES:
Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                                                      Dated:  May 15, 2017

PER CURIAM.

{¶1} Appellant has timely filed a joint application for en banc reconsideration and reconsideration of this appeal. Appellee timely opposed the applications. The application for en banc reconsideration will be addressed in this judgment. The application for reconsideration will be addressed in a separate opinion.

{¶2} En banc reconsideration is governed by App.R. 26(A)(2). Under the rule, the appellate court may order an appeal to be considered en banc if the majority of the court of appeals judges in the appellate district determine "two or more decisions of the court on which they sit are in conflict." App.R. 26(A)(2)(a). Intradistrict conflicts sometimes arise; they occur when different panels of judges hear the same issue, but reach different results. *McFadden v. Cleveland State Univ.*, 120 Ohio St.3d 54, 2008–Ohio–4914, 896 N.E.2d 672, ¶ 15. Appellant is required to explain how the panel's decision conflicts with a prior panel's decision on a dispositive issue. App.R. 25(A)(2)(b).

{¶3} In arguing for en banc reconsideration, Appellant cites *City of Steubenville v. Schmidt*, 7th Dist. No. 01 JE 13, 2002-Ohio-6894. In *City of Steubenville,* we held a trial court has authority to sua sponte direct a verdict. *Id*. at ¶ 31. We cited *City of Steubenville* in this appeal, restated its holding, and once again held a trial court has authority to sua sponte direct a verdict. *Gentile v. Turkoly*, 7th Dist. No. 16 MA 0071, 2017-Ohio-1018, ¶ 18.

{¶4} The purpose of en banc proceedings is to resolve conflicts of law that arise within a district. App.R. 26(A)(2)(a); *McFadden* at ¶ 10, 15–16. Our holding in this appeal is not in conflict with *City of Steubenville*; in both cases we held a trial court has the authority to sua sponte direct a verdict. Admittedly, in *City of Steubenville* it was a bench trial, while here it was a jury trial. However, that distinction does not render the dispositive holdings in the cases in conflict. Thus, there is no basis for en banc reconsideration.

{¶5} Application for en banc reconsideration is denied.

Robb, P.J. concurs.

Donofrio, J., concurs.

Waite, J., concurs.

DeGenaro, J., concurs.