[Cite as *Pfalzgraf v. Miley*, 2018-Ohio-3595.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

GEORGE AND MARJORIE PFALZGRAF,

Plaintiffs-Appellees,

v.

JEFF MILEY, DBA MILEY GAS COMPANY, ET AL.,

Defendants-Appellants.

---

### OPINION AND JUDGMENT ENTRY
### Case Nos. 16 MO 0005, 16 MO 0006.

---

Motion for Reconsideration
Application for En Banc Consideration

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied

---

*Atty. Ethan Vessels*, Fields, Dehmlow & Vessels, LLC, 309 Second Street, Marietta, Ohio 45750, for Plaintiffs-Appellees, and
*Atty. J. Kevin West*, Steptoe & Johnson, PLLC, 41 South High Street, Suite 2200, Columbus, Ohio 43215, and *Atty. Scott Eickelberger, Atty. William J. Taylor, Atty. Ryan H. Linn, Atty. David Tarbert, Kincaid, Taylor, & Geyer,* P.O. Box 1030, Zanesville, Ohio 43702, for Defendants-Appellants.

Dated:
September 5, 2018

**PER CURIAM.**

Plaintiff-appellee, George Pfalzgraf, has filed a motion for reconsideration asking this court to reconsider our decision and judgment entry in which we reversed the judgment of the Monroe County Common Pleas Court. See *Pfalzgraf v. Miley*, 7th Dist. No. 16 MO 0005, 2018-Ohio-2828. Pfalzgraf has also filed an application for en banc consideration. We will address each separately.

App.R. 26(A)(1), which provides for the filing of an application for reconsideration in this court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981). The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.* An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). Rather, App.R. 26(A)(1) provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

Pfalzgraf asserts reconsideration is necessary for two reasons.

First, Pfalzgraf contends this court failed to address several factual findings by the trial court. He points to evidence that he alleges showed that Miley commingled gas from the Well at issue with other wells; Miley admitted the Well was not profitable; Pfalzgraf stated he did not have enough gas to heat his house; Miley paid incorrect royalties; and reported production was de minimus.

Pfalzgraf has not called to our attention an issue that was not considered by us when it should have been. The issue before us was whether the trial court applied the proper burden of proof in analyzing whether the lease was cancelled for lack of paying quantities. We determined that the burden was on Pfalzgraf to prove that the Well was

not producing in paying quantities yet the trial court's findings demonstrated that it placed the burden on Miley and Antero to prove the Well was producing in paying quantities. *Pfalzgraf*, at ¶ 45. Additionally, we found that the trial court relied on multiple factors this court has found to be irrelevant to a paying quantities determination. *Id.* The evidence Pfalzgraf now cites to simply shows his disagreement with this court's decision.

Second, Pfalzgraf argues we failed to apply principles previously set out in *Lang v. Weiss Drilling Co.*, 7th Dist. No. 15 MO 0005, 2016-Ohio-8213, 70 N.E.3d 625, and *Paulus v. Beck Energy Corp.*, 7th Dist. No. 16 MO 0008, 2017-Ohio-5716, 94 N.E.3d 73.

In *Lang*, we observed that "common metering can be an accepted practice by some oil and gas companies for purposes of their internal records and paying royalties." 2016-Ohio-8213, ¶ 43. We went on to note, however, that although common metering is accepted by some oil and gas companies, the trial court was not required to accept it as a valid means to measure production for purposes of whether a well is producing paying quantities of gas. *Id.* The issue in the case at bar, however, surrounded the civil procedure issue of how to apply the burden of proof. *Pfalzgraf*, at ¶ 22, 32-33.

In *Paulus*, this court examined, among other issues, whether the trial court's judgment finding lack of paying quantities was supported by the manifest weight of the evidence. The issue in that case did not surround the burden of proof as did the case at bar.

In sum, Pfalzgraf has failed to call to our attention an issue that we did not fully consider that we should have considered. He simply disagrees with our conclusions. Therefore, we must deny his motion for reconsideration.

App.R. 26(A)(2) governs application for en banc consideration. Pursuant to the rule, if a court of appeals determines that two or more of its decisions are in conflict, it may order that an appeal or other proceeding be considered en banc. App.R. 26(A)(2)(a). Intra-district conflicts can arise when different panels of judges hear the same issue, but reach different results. *Gentile v. Turkoly*, 7th Dist. No. 16 MA 0071, 2017-Ohio-2958, ¶ 2, citing *McFadden v. Cleveland State Univ.*, 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, ¶ 15. "Consideration en banc is not favored and will

not be ordered unless necessary to secure or maintain uniformity of decisions within the district on an issue that is dispositive in the case in which the application is filed." App.R. 26(A)(2)(a). The burden is on the party requesting en banc consideration to "explain how the panel's decision conflicts with a prior panel's decision on a dispositive issue and why consideration by the court en banc is necessary." App.R. 26(A)(2)(b).

Appellant has failed to identify a dispositive issue requiring en banc consideration. As discussed above, Pfalzgraf's arguments are factually-based. Moreover, the dispositive issues in this case were the shifting of the burden of proof and the trial court's reliance on improper factors. These were not dispositive issues in either *Lang* or *Paulus*. Therefore, we must deny Pfalzgraf's application for en banc consideration.

For the reasons stated, Pfalzgraf's application for reconsideration is hereby denied. Likewise, his application for en banc consideration is denied.

**JUDGE GENE DONOFRIO**

**JUDGE CHERYL WAITE**

**JUDGE CAROL ANN ROBB**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**