[Cite as *Hunt v. Alderman*, 2023-Ohio-3454.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| MIGUEL HUNT | | C.A. No.  30344 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ROBERT E. ALDERMAN, JR. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No.  CV 2019-05-1673 |

DECISION AND JOURNAL ENTRY

Dated: September 27, 2023

HENSAL, Presiding Judge.

{¶1}     Miguel Hunt appeals a judgment of the Summit County Court of Common Pleas that granted summary judgment to Robert Alderman on his claims.  For the following reasons, this Court affirms.

I.

{¶2}     In 2012, Mr. Hunt sued Mr. Alderman and served him at his then residence, which was in a building owned by Mr. Alderman's father.  In 2014, Mr. Hunt took Mr. Alderman's deposition and during the deposition, Mr. Alderman stated that his address was at a different location than where he had been served.  Mr. Hunt later voluntarily dismissed his lawsuit, but he refiled it a year later.  Mr. Hunt had the clerk of court mail service of the refiled complaint to the same address as in the first action.  The then resident of the address passed the complaint on to Mr. Alderman's father, who gave it to Mr. Alderman.  Mr. Alderman filed an answer that alleged lack of proper service and later moved for summary judgment on that ground, arguing that, because

service of process was insufficient, Mr. Hunt had failed to commence the action within a year, as required under Civil Rule 3(A). The trial court determined that Mr. Hunt complied with the Ohio Rules of Civil Procedure. It concluded, however, that sending service to Mr. Alderman's former address did not comply with due process requirements and it, therefore, granted summary judgment to Mr. Alderman. Mr. Hunt has appealed, assigning as error that the trial court incorrectly granted Mr. Alderman's motion for summary judgment.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING SUMMARY JUDGMENT DISMISSING THIS CASE.

{¶3} Mr. Hunt argues that the trial court incorrectly granted summary judgment to Mr. Alderman. Under Rule 56(C), summary judgment is appropriate if:

> [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial[.]" *Id.* at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶4} "In civil cases, a court with subject matter jurisdiction where venue is appropriate has personal jurisdiction over the parties when an action is commenced in accordance with Civ.R.

3(A)." *State v. Upchurch*, 9th Dist. No. Medina No. 20CA0001-M, 2021-Ohio-94, ¶ 5. Rule 3(A) provides, in relevant part, that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant[.]" Rule 12(B) provides a defendant "an option to assert the defense of lack of jurisdiction over the person either by way of a motion prior to any pleading or in the responsive pleading to the complaint." *Maryhew v. Yova*, 11 Ohio St.3d 154, 157 (1984). "The obligation is upon plaintiffs to perfect service of process; defendants have no duty to assist them in fulfilling this obligation." *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, ¶ 16. "[A]ctual notice is not the touchstone of proper service or the exercise of personal jurisdiction." *Goering v. Lacher*, 1st Dist. Hamilton No. C-110106, 2011-Ohio-5464, ¶ 13. Although "the spirit of the Civil Rules is to resolve cases upon their merits[,] * * * a failure to perfect service * * * affects whether a court has personal jurisdiction over a defendant." *LaNeve v. Atlas Recycling, Inc.*, 119 Ohio St.3d 324, 2008-Ohio-3921, ¶ 21-22.

{¶5} To determine whether "service of process was effectively made[,]" a court should "look first to Civ.R. 4.1(1)," which "speaks primarily to *how* service shall be made, rather than *where* or *to whom* process may be served." (Emphasis added.) *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 405 (1980). Beyond Rule 4.1, due process "determine[s] the parameters for proper service[.]" *Id.* "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 406, quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Thus, "[s]o long as service is 'reasonably calculated' to reach interested parties, then the service is constitutionally sound." *Id.*

**{¶6}** Although we review a motion for summary judgment de novo, "[t]he determination of the sufficiency of service of process is within the sound discretion of the trial court." *Vrbanac v. Zulick*, 9th Dist. Summit No. 19864, 2001 WL 22302, *2 (Jan. 10, 2001), citing *Bell v. Midwestern Educational Servs., Inc.*, 89 Ohio App.3d 193, 203 (2d Dist.1993). "A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by evidence, or grossly unsound." *Hall v. Silver*, 9th Dist. Summit No. 28798, 2018-Ohio-1706, ¶ 19, quoting *Tustin v. Tustin*, 9th Dist. Summit No. 27164, 2015-Ohio-3454, ¶ 21.

**{¶7}** The trial court determined that Mr. Hunt complied with Rule 4.1 when he had the complaint and summons sent to Mr. Alderman by certified mail. It concluded, however, that he did not send service of process in a manner reasonably calculated to apprise Mr. Alderman of the pendency of the action. Specifically, it noted that Mr. Alderman had stopped living at his former address in May 2012 and that Mr. Alderman had informed Mr. Hunt of a more recent address when Mr. Hunt deposed him during the first action. The court also noted that there was no evidence in the record that Mr. Alderman continued to accept mail at his former address following his move.

**{¶8}** Mr. Hunt argues that whether service of the complaint complied with due process requirements should only be considered if a defendant never received the summons and complaint. According to Mr. Hunt, the key is whether the defendant received the suit papers that were sent to a different address. The Ohio Supreme Court has stated, however, that "[i]t is axiomatic that for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" *Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61, 64 (1956). Just because a defendant happens to learn of the existence of a lawsuit, even if it is in time to submit a timely answer, does not moot the requirement of proper service. *See LaNeve*, 119 Ohio St.3d 324, 2008-Ohio-3921 at ¶ 22 ("[I]t is an established principle that actual knowledge of a lawsuit's filing and

lack of prejudice resulting from the use of a legally insufficient method of service do not excuse a plaintiff's failure to comply with the Civil Rules."), *Ward v. Ludwig*, 149 Ohio App.3d 687, 2002-Ohio-5948, ¶ 15 (4th Dist.) (concluding that actual notice of complaint was insufficient to establish personal jurisdiction). For example, before Rule 4.1(A)(1)(b) allowed service by a commercial carrier, this Court held that proper service could not be made by Federal Express, even if a defendant's insistence on technical compliance with service requirements appeared "to be a dilatory tactic designed to unnecessarily prolong the litigation[.]" *J. Bowers Constr. Co., Inc. v. Vinez*, 9th Dist. Summit No. 25948, 2012-Ohio-1171, ¶ 17. The Ohio Supreme Court has similarly held that "[t]he 30–day time period to file a notice of appeal begins upon service of notice of the judgment and notation of service on the docket by the clerk of courts regardless of actual knowledge of the judgment by the parties." *Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.*, 141 Ohio St.3d 542, 2015-Ohio-241, syllabus. These cases emphasize that service requirements must be met for a trial court to acquire personal jurisdiction over a defendant, even if the defendant learns about a proceeding by other means.

{¶9} The cases cited by Mr. Hunt do not support his assertion that the issue of whether service is reasonably calculated does not arise unless the defendant never received the lawsuit papers. In *Thompson v. Bayer*, 5th Dist. Fairfield No. 2011-CA-00007, 2011-Ohio-5897, the Fifth District Court of Appeals stated only that a defendant can rebut the presumption of proper service "by producing evidentiary quality information he or she did not receive service of process." *Id*. at ¶ 23. In *Johnson v. Johnson*, 2d Dist. Greene No. 2020-CA-7, 2020-Ohio-5275, the Second District Court of Appeals noted the same and explained that a trial court cannot disregard unchallenged testimony that a person did not receive service. *Id*. at ¶ 16. In *Hendrickson v. Grinder*, 4th Dist. Ross No. 16CA3537, 2016-Ohio-8474, the Fourth District Court of Appeals

also only addressed the evidence necessary to rebut the presumption of proper service. *Id*. at ¶ 32. In *McWilliams v. Schumacher*, 8th Dist. Cuyahoga Nos. 98188, 98288, 98390, 98423, 2013-Ohio-29, the Eighth District Court of Appeals likewise only addressed the defendant's burden of production to rebut the presumption of proper service. *Id*. at ¶ 52. It did the same in *Mitchell v. Babickas*, 8th Dist. Cuyahoga No. 105294, 2018-Ohio-383, and *Capital One Bank (USA) v. Smith*, 8th Dist. Cuyahoga No. 108669, 2020-Ohio-1614. *Mitchell* at ¶ 10; *Smith* at ¶ 14-16. In *Friedman v. Kalail*, 9th Dist. Summit No. 20657, 2002 WL 498172 (Apr. 3, 2002), this Court explained that service of process must be accomplished in a manner reasonably calculated to apprise interested parties of the action and must satisfy the requirements of Rules 4 and 4.1. *Id*. at *3. It also set forth how a defendant can rebut the presumption of proper service. *Id*. This Court determined that, under the particular facts of that case, the trial court did not abuse its discretion when it determined that the service of process was reasonably calculated to provide notice. *Id*. Together, these cases establish that defendants must produce some evidence to overcome the presumption that service of process was proper. They do not support the idea that defendants cannot challenge whether service of process was reasonably calculated to reach them if they received actual notice of the proceeding. In addition, we note that, although many of the cases addressing the requirements of proper service involve default judgments, that is unremarkable because, if service is deficient, it is predictable that a defendant will not learn about the lawsuit until after judgment is entered.

{¶10} Although Mr. Alderman received notice of the complaint shortly after Mr. Hunt refiled his action, this Court cannot escape the Ohio Supreme Court's directive that service is not constitutionally sound unless it is "reasonably calculated" to reach the interested parties. *Swinehart*, 62 Ohio St.2d at 406; *see also Mullane*, 339 U.S. at 314. We are also required to give

deference to the trial court's "determination of the sufficiency of service of process[.]" *Vrbanac*, 2001 WL 22302 at *2. Upon review of the record, we cannot say that the trial court exercised improper discretion when it determined that the sending of the summons and complaint to Mr. Alderman's old address was not reasonably calculated to apprise Mr. Alderman of the pendency of the action. The uncontroverted evidence in the record establishes that Mr. Alderman informed Mr. Hunt of a new address during his deposition in the first action. Nevertheless, Mr. Hunt attempted to serve Mr. Alderman at his former address five years after the date of that deposition. There is also no evidence in the record that Mr. Hunt knew that Mr. Alderman's father was the owner of the building where Mr. Alderman used to live. Because service of process was insufficient and Mr. Alderman preserved the issue in his answer, we are compelled by *Swinehart* to conclude that the trial court did not err when it granted summary judgment to Mr. Alderman. Mr. Hunt's assignment of error is overruled.

## III.

{¶11} Mr. Hunt's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
CONCURS.

STEVENSON, J.
DISSENTING.

**{¶12}** I respectfully dissent from the majority opinion as I believe the trial court correctly determined service was proper in this case. In discussing service, the trial court stated:

> It is beyond dispute that the complaint and summons were sent to the Residence, and a person signed it on May 6, 2019. The Plaintiff presented evidence that he never signed for the complaint at the Residence. However, Yeager testified she signed for the complaint. 'Notably, Civ.R. 4.1(A) does not require that delivery is restricted to the defendant or to a person authorized to receive service of process on the defendant's behalf.' *Brownfield v. Krupman,* 10[th] Dist. Franklin No. 14AP-294, 2015-Ohio-1966, ¶ 16. In the Ninth District, 'certified mail need not be delivered to and signed by the addressee only in order to be effective.' *Buckingham, Doolittle & Burroughs, L.L.P. v. Healthcare Imaging Solutions L.L.C.,* 9[th] Dist. Summit No. 14AP-294, 2010-Ohio-418, ¶ 15[,] citing *Castellano v. Kosydar,* 42 Ohio St.2d 107, 110 [] (1975). Consequently, the Court finds that the Plaintiffs complied with the Ohio Rules of Civil Procedure.

When a party complies with the service requirements of the Ohio Rules of Civil Procedure, a rebuttable presumption of proper service arises 'However, this presumption is rebuttable [only] if the defendant presents credible evidence that he or she did not, in fact, receive the summons and complaint.' *Buckingham*[] at ¶ 16 citing *Erie Ins. v. Williams,* 9th Dist. [Summit] No. 23157, 2006-Ohio-6754,[] ¶ 6. In this case, the Defendant testified he became aware of the complaint in early June of 2019 by Alderman Sr. Moreover, Alderman Sr. testified he gave the complaint to Defendant in early June of 2019. As such, the Court finds the Defendant failed to presented [sic] credible evidence that he did not receive the summons and complaint. Consequently, the Court finds the Plaintiffs properly served the Defendant.

{¶13} Based on this finding, I do not believe that any further analysis was necessary. However, the trial court continued to analyze the question of service under due process standards. Due process requires notice and an opportunity to be heard. Appellee Alderman received the full extent of his due process rights when he was given a copy of a properly served complaint by his father and appeared to defend the case.

{¶14} The trial court and the majority proceed to cite a number of cases that require notice be "reasonably calculated to apprise" a defendant of the action for due process to be met. Ohio courts have rightfully applied that standard to cases where a defendant did not receive service or did not defend the case and a default judgment was taken against that defendant. It is a necessary standard to apply in those cases to ensure that defendants are afforded their full due process rights before judgments are taken or enforced against them. However, that standard is miscast as a means to dismiss an action against a defendant who fully participates in an action after receiving proper service as it does not closely follow the rationale of due process expressed by the Ohio and United States Supreme Courts.

{¶15} The majority finds it cannot escape the directive of *Akron-Canton Regional Airport Auth. v. Swinehart,* 62 Ohio St.2d 403, 405 (1980). However, I find *Swinehart* to be readily distinguishable. *Swinehart* involved service on defendant Sengpiel, a joint owner of property with

*Swinehart*. *Id.* at 403. Sengpiel received certified mail service of a complaint signed for by a receptionist at an office located in a different city than his own office. Sengpiel did not visit that office and was never given a copy of the complaint, unlike Appellee Alderman. *Id.* at 404. The Ohio Supreme Court found that service was not properly made upon Sengpiel as he never received a copy of the complaint and did not keep an office at that location. *Id*. at 407. Even though Sengpiel was not properly served, the Court still found that dismissal of the suit was not proper as the parties filed a joint answer to the complaint and that answer established consent to personal jurisdiction. *Id.* at 407-408. Thus, I would only find *Swinehart* compels a court to dismiss an action for improper service when a defendant does not receive an actual copy of the complaint and does not appear in the action. Appellee Alderman received a copy of the complaint, through service that the trial court found proper, and appeared in this case. Thus, *Swinehart* does not apply.

{¶16} Further, *Swinehart* relies on the reasoning of the United States Supreme Court case *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). In *Mullane*, the Court considered a statute that only required service by publication, even for those parties with known addresses. The Court found service by publication to those defendants violated due process because it was not reasonably calculated to apprise them of the action. The Court acknowledged, however, that "[p]ersonal service of written notice within the jurisdiction is the classic form of notice always adequate in any type of proceeding." *Id.* at 313. In this case, Appellee Alderman received written notice in the jurisdiction, which should be adequate. The reason written notice within the jurisdiction is adequate is based on the fundamental due process rights at stake. *Mullane* clearly laid out those rights, stating:

> This is defined by our holding that 'The fundamental requisite of due process of law is the opportunity to be heard.' *Grannis v. Ordean*, 234 U.S. 385, 394 * * * [(1914)]. This right to be heard has little reality or worth unless one is informed

that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest.

*Id.* at 314. Here, Appellee Alderman was informed of the action and exercised his right to be heard. He has suffered no procedural harm from the method of service in this case.

**{¶17}** Lastly, I believe closely following *Mullane* best fulfills the purpose of the Civil Rules. Civ.R. 1(B) states that the Civil Rules "shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice." The Ohio Supreme Court stated that this rule suggests that "[t]he spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies." *Peterson v. Teodosio*, 34 Ohio St.2d 161, 175 (1973). In *DeHart v. Aetna Life Ins. Co.,* 69 Ohio St.2d 189, 192 (1982) the Ohio Supreme Court stated that "it is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits. Judicial discretion must be carefully-and cautiously-exercised before this court will uphold an outright dismissal of a case on purely procedural grounds." (Internal citation omitted.)

**{¶18}** In upholding the trial court's dismissal of a case—which was vigorously defended—for lack of sufficient service, this Court is ignoring the implicit holdings of *Peterson* and *DeHart* and forgetting the purpose of due process. The whole point of service of process is to put the other party on notice that a lawsuit has been filed and permit them to be heard; it serves no other purpose. Appellee Alderman was served, and he should be required to defend his actions on the merits rather than have the complaint dismissed on a technicality. Accordingly, I respectfully dissent.

APPEARANCES:

DAVID P. BERTSCH, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and MARVIN D. EVANS, Assistant Prosecuting Attorney, for Appellee.