[Cite as *Kerby v. Zerick*, 2024-Ohio-5665.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Trudy Kerby et al., | : | |
| Plaintiffs-Appellants, | : | No. 24AP-235 |
| | | (C.P.C. No. 22CV-6706) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| William R. Zerick, M.D., | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 3, 2024

**On brief:** *Wiseman Law Firm PLLC*, and *Todd S. Wiseman*; *Flowers & Grube*, *Paul W. Flowers*, and *Kendra Davitt*, for appellants. **Argued:** *Paul W. Flowers*.

**On brief:** *Bricker Graydon LLP*, *Bobbie S. Sprader*, *Karin M. Long*, and *Karen L. Clouse*, for appellee. **Argued:** *Karen M. Long*.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellants, Trudy Kerby and Wayne Kerby ("appellants"), appeal from a decision of the Franklin County Court of Common Pleas granting the motion for summary judgment filed by defendant-appellee, William Zerick, M.D., pursuant to Civ.R. 56, and dismissing appellants' complaint with prejudice. For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2} This appeal arises out of an action for medical malpractice. Appellants filed their original case on September 30, 2019 in the Franklin County Court of Common Pleas as case No. 19CV-7844, in which they alleged appellee was negligent in performing a surgery on appellant, Trudy Kerby, in 2018. Ultimately, the trial court dismissed the case,

without prejudice, pursuant to Civ.R. 41(B)(1), after appellants failed to comply with the trial court's case management schedule regarding expert reports. (Apr. 1, 2022 Journal Entry Dismissing Case Without Prejudice.)

{¶ 3} On September 27, 2022, appellants initiated their refiled action as case No. 22CV-6706 and requested personal service of the summons and complaint, via a sheriff deputy, at 955 Eastwind Drive, Westerville, Ohio, 43081. That attempt to serve appellee failed on October 4, 2022. (Franklin C.P. case No. 22CV-6706, Oct. 10, 2022 Service Failed - Sheriff.) Appellants then requested service of the summons and complaint via certified mail at 3836 Goose Lane, Granville, Ohio, 43023. (Franklin C.P. case No. 22CV-6706, Oct. 7, 2022 Req. for Service.) Appellants also requested service of the summons and complaint via certified mail at 4552 Ravine Drive, Westerville, Ohio, 43081. (Franklin C.P. case No. 22CV-6706, Oct. 14, 2022 Req. for Service.) The court's docket does not reflect a signed return of service for either of the attempts to serve appellee with the summons and complaint via certified mail.

{¶ 4} On November 14, 2022, appellee filed his answer to the complaint, asserting as an affirmative defense the following: "There has been an insufficiency of process or service of process against this [appellee]." (Answer to Compl. and Jury Demand of Def. William R. Zerick, M.D., ¶ 22.) The trial court's docket shows that after the answer was filed on November 14, 2022, appellants did not make any further efforts to serve the summons and complaint on appellee until after appellee filed his motion for summary judgment on October 13, 2023.[1] In his motion for summary judgment, appellee asserted he had not been served with summons and process, thereby depriving the trial court of personal jurisdiction.

{¶ 5} On November 8, 2023, appellants filed their motion to extend time for service of process.

{¶ 6} On March 7, 2024, the trial court issued its judgment entry denying appellant's motion to extend time for service of process and granting appellee's motion for summary judgment. (Mar. 7, 2024 Jgmt. Entry.) In its judgment entry, the trial court determined that because appellee was not served within one year of the refiling of the complaint—by September 27, 2023—the action had never commenced, and the trial court

---

[1] The docket shows appellants filed three requests for service by certified mail on November 6, 2023, and two requests for service by process server on November 7, 2023.

lacked personal jurisdiction over appellee. The trial court further found that, pursuant to the holding of the Supreme Court of Ohio in *Moore v. Mt. Carmel Health Sys.*, 162 Ohio St.3d 106, 2020-Ohio-4113, the complaint must be dismissed with prejudice. This was so because although the refiled complaint was filed prior to the expiration of the savings statute and the original statute of limitations, due to the failure to commence the action within one year of the refiling of the complaint by obtaining service on appellee, appellants did not comply with the savings statute set forth in R.C. 2305.19(A) and Civ.R. 3(A).

{¶ 7} This timely appeal followed and is now before the court.

## II. Assignments of Error

{¶ 8} Appellants assign the following three errors for our review:

> [1.] THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY GRANTING SUMMARY JUDGMENT UPON THE DISPUTED FAILURE OF SERVICE DEFENSE.
>
> [2.] THE TRIAL COURT ERRED, AND OTHERWISE COMMITED AN ABUSE OF DISCRETION, TO PLAINTIFF-APPELLANT[]S' SUBSTANTIAL DETRIMENT, BY REFUSING TO PROMPTLY GRANT THE TWO MOTIONS TO COMPEL.
>
> [3.] THE TRIAL COURT COMMITTED AN ERROR OF LAW, AND OTHERWISE ABUSED ITS DISCRETION, BY DENYING THE MOTION FOR A REASONABLE EXTENSION OF THE CIV.R. 3(A) DEADLINE IN ACCORDANCE WITH CIV.R. 6(B)(2).

## III. Law and Analysis

### A. Standard of Review

{¶ 9} A trial court must grant summary judgment under Civ.R. 56 when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *A.J.R. v. Lute*, 163 Ohio St.3d 172, 2020-Ohio-5168, ¶ 15; *McConnell v. Dudley*, 158 Ohio St.3d 388, 2019-Ohio-4740, ¶ 18. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *A.J.R.* at ¶ 15. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Schumacher v. Patel*, 10th Dist. No. 23AP-254,

2023-Ohio-4623, ¶ 16; *Coppo v. Fixari Family Dental Practice, L.L.C.*, 10th Dist. No. 21AP-593, 2022-Ohio-1828, ¶ 9.

{¶ 10} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making conclusory allegations. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* If the moving party meets its burden, then the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. If the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. *Dresher* at 293.

## B. Assignment of Error One

{¶ 11} In their first assignment of error, appellants assert the trial court erred as a matter of law by granting summary judgment based on the failure of service upon appellee. In essence, appellants contend that there is an issue of fact as to whether appellee was served, and therefore summary judgment was improperly granted. We wholly disagree.

{¶ 12} Civ.R. 3(A) provides, in relevant part, that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant." "Thus, under the provisions of Civ.R. 3(A), 'an action is not deemed to be "commenced" unless service of process is obtained within one year from the date of the filing of the action.' " *Boggs v. Denmead*, 10th Dist. No. 17AP-199, 2018-Ohio-2408, ¶ 22, quoting *Saunders v. Choi*, 12 Ohio St.3d 247, 250 (1984). "Further, '[i]f service is not perfected under Civ.R. 3(A) within a year of filing the complaint, dismissal of the complaint is appropriate.' " *Id.*, quoting *McAbee v. Merryman*, 7th Dist. No. 13 JE 3, 2013-Ohio-5291, ¶ 16.

{¶ 13} "In accordance with Civ.R. 4.1(A), 'service of process via certified mail is evidenced by a return receipt signed by any person.' " *Boggs* at ¶ 24, quoting *TCC Mgt. v. Clapp*, 10th Dist. No. 05AP-42, 2005-Ohio-4357, ¶ 11. "When service of process is attempted by certified mail, 'a signed receipt returned to the sender establishes a prima facie case of delivery to the addressee.' " *Id.* Where a plaintiff follows the civil rules

governing service of process, and a signed receipt is returned, a rebuttable presumption of proper service arises. *See id.*, citing *Chuang Dev. L.L.C. v. Raina*, 10th Dist. No. 15AP-1062, 2017-Ohio-3000, ¶ 31. A defendant may, however, rebut the presumption of proper service with sufficient evidence that service was not accomplished despite that a signed receipt is returned and entered on the docket. *See id.*, citing *Chuang Dev.* at ¶ 32. Importantly, the presumption of valid service arises only in cases where the fact of return receipts being received is entered on the docket and the signed return receipts are filed in the record by the Clerk of Courts as required by Civ.R. 4.1(A)(2). *See generally Boggs* at ¶ 8, 23-24.

{¶ 14} Furthermore, we have held that under Ohio law, the failure of proper service is not merely " ' "a minor, hypertechnical violation of the rules." ' " *Boggs* at ¶ 36, quoting *McAbee* at ¶ 16, quoting *Cleveland v. Ohio Civil Rights Comm.*, 43 Ohio App.3d 153, 157 (8th Dist.1989). Rather, in the absence of proper service of process, " 'a trial court lacks jurisdiction to enter a judgment against that defendant.' " *Boggs* at ¶ 36, quoting *McAbee* at ¶ 16; *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984). "If a trial court renders a judgment without first obtaining personal jurisdiction over the defendant, that judgment is void ab initio." *Ostendorf v. Darling*, 10th Dist. No. 20AP-454, 2021-Ohio-2781, ¶ 10, citing *Third Fed. S. & L. Assn. v. Taylor*, 10th Dist. No. 17AP-254, 2017-Ohio-7620, ¶ 11; *Young v. Locke*, 10th Dist. No. 13AP-608, 2014-Ohio-2500, ¶ 21.

{¶ 15} "Service of the summons and complaint ' "is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." ' " *During v. Quoico*, 10th Dist. No. 11AP-735, 2012-Ohio-2990, ¶ 25, quoting *Omni Capital Internatl., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987), quoting *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946). Absent a waiver, proper service of process is a prerequisite for personal jurisdiction. *Williams v. Gray Guy Group, L.L.C.*, 10th Dist. No. 16AP-321, 2016-Ohio-8499, ¶ 18. Under the Civil Rules, "[t]he obligation is upon plaintiffs to perfect service of process; defendants have no duty to assist them in fulfilling this obligation." *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, ¶ 16, citing *Maryhew* at 159. Indeed, even active participation in a civil case does not constitute a waiver of the affirmative defense of insufficient service of the complaint where a defendant has properly raised and preserved the defense. *Gliozzo* at ¶ 18. A defendant's actual knowledge of a lawsuit's filing and lack of prejudice resulting from the use of a legally

insufficient method of service do not excuse a plaintiff's failure to comply with the Civil Rules by properly effectuating service of process. *Laneve v. Atlas Recycling*, 119 Ohio St.3d 324, 2008-Ohio-3921, ¶ 22; *Hunter v. Rhino Shield*, 10th Dist. No. 18AP-244, 2019-Ohio-1422, ¶ 29; *Boggs* at ¶ 36; *Erin Capital Mgt., L.L.C. v. Fournier*, 10th Dist. No. 11AP-483, 2012-Ohio-939, ¶ 28. Instead, "[t]he Civil Rules are a mechanism that governs the conduct of all parties equally." *Laneve* at ¶ 23, citing *Gliozzo* at ¶ 16.

{¶ 16} Here, the trial court's docket clearly evinces there is no signed return of service so entered upon the docket. As the case law discussed above sets forth, a presumption of service arises only when a signed return of service is received by the clerk and is entered on the docket. Thus, contrary to appellants' assertions, no presumption of service ever arose in this case. Furthermore, it is undisputed that appellee properly asserted the affirmative defenses relating to failure of service and lack of personal jurisdiction in his answer as required to preserve the defenses. Therefore, appellee is not estopped from continuing to assert his validly preserved defenses based on failure of service and service of process.

{¶ 17} Furthermore, in support of his motion for summary judgment, appellee attached his own sworn affidavit attesting he was not served with the summons and complaint. Appellants have not provided to the trial court any kind of evidence showing that appellee was in fact served. Instead, all they have done is impugn the veracity of appellee's affidavit. Such a tactic is woefully insufficient to avoid summary judgment in any event. *See* Civ.R. 56.

{¶ 18} In short, the trial court correctly determined that appellants failed to perfect service of process within one year as required by Civ.R. 3(A), that the action therefore failed to commence, that the trial court lacked personal jurisdiction over appellee, and therefore summary judgment in favor of appellee and dismissal of appellants' complaint was warranted.

{¶ 19} Accordingly, appellants' first assignment of error is overruled.

### C. Assignment of Error Two

{¶ 20} In their second assignment of error, appellants assert the trial court erred and abused its discretion by failing to grant appellants' motions to compel appellee's responses to certain written discovery. This assignment of error is meritless.

{¶ 21} We have already found the trial court correctly determined that it lacked personal jurisdiction over appellee based on appellants' failure to serve him with service of process. Because the trial court lacked jurisdiction over appellee, any exercise of authority over him would violate due process and be null and void. *See Maryhew* at 156; *Ostendorf* at ¶ 10. This necessarily includes rendering an order compelling appellee to respond—or to respond more fully—to any discovery requests issued by appellants.

{¶ 22} Accordingly, appellants' second assignment of error is overruled.

### D. Assignment of Error Three

{¶ 23} In their third assignment of error, appellants assert the trial court erred in failing to grant their motion for an extension of the deadline by which to perfect service set forth in Civ.R. 3(A). This assignment of error is entirely without merit.

{¶ 24} The Supreme Court of Ohio has held that the time for service required by Civ.R. 3(A) and codified by R.C. 2305.17 is "absolute" and "[t]here is no way by which [a] court may extend the time limit imposed by statute for the commencement of actions." *Mason v. Waters*, 6 Ohio St.2d 212, 217 (1966). *See also*, *Saunders v Choi*, 12 Ohio St.3d 247 (1984); *Lash v. Miller*, 50 Ohio St.2d 63 (1977); *Apostolouski v. Sharp*, 10th Dist. No. 04AP-1105, 2005-Ohio-2559, ¶ 26, citing *Temple v. John Galt Co.*, 10th Dist. No. 96APE10-1364, 1997 Ohio App. LEXIS 1475 (Apr. 10, 1997). Thus, a trial court has no authority, discretionary or otherwise, to enlarge the time for service required by Civ.R. 3(A).

{¶ 25} In short, in this case, the trial court had no authority—discretionary or otherwise—to grant appellants' motion for an extension of time in which to perfect service upon appellee. Therefore, the trial court did not err in failing to grant the motion for an extension of time.

{¶ 26} Accordingly, appellants' third assignment of error is overruled.

## IV. Disposition

{¶ 27} Having overruled appellants' three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

MENTEL, P.J., and LUPER SCHUSTER, J., concur.