[Cite as *Johnson v. Sailor*, 2025-Ohio-571.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

ANTHONY JOHNSON,

Plaintiff-Appellee,

v.

TOM SAILOR DBA CROWS NEST RECORDING,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 MA 0063**

---

Application to Certify a Conflict and for En Banc Consideration

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

**JUDGMENT:**
Denied.

Anthony Johnson, Plaintiff-Appellee (No Response Filed) and

*Atty. Cherie H. Howard,* for Defendant-Appellant.

Dated: February 20, 2025

**PER CURIAM.**

**{¶1}** On January 31, 2025, Appellant, Tom Sailor dba Crow's Nest Recording Studio, filed a joint application to certify this case to the Supreme Court of Ohio on the basis of a conflict and for en banc consideration. Appellant asserts this court's decision in *Johnson v. Sailor,* 2025-Ohio-212 (7th Dist.) is in conflict with decisions of the Second, Third, Fourth, Eighth, Ninth, and Tenth District Courts of Appeal: *EnRoute Card v. Roysden*, 1996 WL 303571 (2d Dist. June 7, 1996); *Simindinger v. Meeker*, 2021-Ohio-3274 (3d Dist.); *Ward v. Ludwig*, 2002-Ohio-5948 (4th Dist.); *Purushealth, L.L.C. v. Ketterer, L.L.P.*, 2019-Ohio-2002 (8th Dist.); *Hunt v. Alderman*, 2023-Ohio-3454 (9th Dist.); *Kerby v. Zerick*, 2024-Ohio-5665 (10th Dist.). Appellant additionally alleges this matter should be considered en banc because it namely conflicts with *McAbee v. Merryman*, 2013-Ohio-5291 (7th Dist.).

**{¶2}** App.R. 25, "Motion to certify a conflict," states in part:

> (A) A motion to certify a conflict under Article IV, Section 3(B)(4) of the Ohio Constitution shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order of the court that creates a conflict with a judgment or order of another court of appeals and made note on the docket of the mailing, as required by App. R. 30(A). . . . A motion under this rule shall specify the issue proposed for certification and shall cite the judgment or judgments alleged to be in conflict with the judgment of the court in which the motion is filed.

App.R. 25(A).

**{¶3}** Article IV, Section 3, "Organization and jurisdiction of courts of appeals," states in part:

> Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall

certify the record of the case to the supreme court for review and final determination.

Ohio Const., art. IV, § 3(B)(4).

Hence, the following conditions must be met before and during certification pursuant to Section 3(B)(4), Article IV of the Ohio Constitution:

First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question." Second, the alleged conflict must be on a rule of law – not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals. (Emphasis deleted.)

*Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 613 N.E.2d 1032, (1993), paragraph one of the syllabus. In addition, the issue proposed for certification must be dispositive of the case. *State ex rel. Davet v. Sutula*, 131 Ohio St.3d 220, 2012-Ohio-759, 963 N.E.2d 811, ¶ 2.

"Factual distinctions between cases do not serve as a basis for conflict certification." *Id.* at 599. In *Whitelock*, the Ohio Supreme Court dismissed the appeal on the grounds that the conflict was improperly certified and urged appellate courts to certify "only those cases where there is a true and actual conflict on a rule of law." *Id.*

*State v. Rice*, 2022-Ohio-4176, ¶ 4-5 (7th Dist.).

**{¶4}** This court decided *Johnson* on January 24, 2025. *Johnson*, 2025-Ohio-212 (7th Dist.). Appellant filed his motion to certify a conflict seven days later on January 31, 2025. Thus, Appellant's motion is timely filed. App.R. 25(A). Appellant cites six judgments alleged to be in conflict with the judgment of this court. *Id.;* (1/31/2025 Appellant's Motion to Certify a Conflict or for En Banc Consideration, p. 2-3); *EnRoute Card*, 1996 WL 303571 (2d Dist. June 7, 1996); *Simindinger*, 2021-Ohio-3274 (3d Dist.);

Case No. 24 MA 0063

*Ward*, 2002-Ohio-5948 (4th Dist.); *Purushealth*, 2019-Ohio-2002 (8th Dist.); *Hunt*, 2023-Ohio-3454 (9th Dist.); *Kerby*, 2024-Ohio-5665 (10th Dist.).

{¶5}    Appellant also specifies one issue proposed for certification pursuant to App.R. 25(A): "Did the trial court err when it failed to dismiss the complaint despite the fact the defendant, who had actual knowledge of the lawsuit, was never properly served with the complaint and summons in compliance with the Ohio Rules of Civil Procedure?" (1/31/2025 Appellant's Motion to Certify a Conflict or for En Banc Consideration, p. 1).

{¶6}    In the case at bar, Appellant admitted he had actual notice but hired his first attorney to deny service.  In *Johnson*, this court stated:

> The record reveals Appellee's pro se small claims complaint was filed on August 11, 2022 and an amended complaint was filed on September 20, 2022. The record further reveals, and Appellant admitted, he had actual notice of this matter since October 2022 and he hired his first attorney to deny service. *See* (1/15/2023 Affidavit of Tom Sailor). The trial court properly determined "[p]rocedural due process [. . .] does not permit a person to intentionally thwart or avoid service." (12/7/2023 Judgment Entry, p. 3). Based on the facts presented, because service was perfected under Civ.R. 3(A), the court did not err in adopting the magistrate's decision denying Appellant's motion to dismiss.

*Johnson*, 2025-Ohio-212, at ¶ 30 (7th Dist.).

{¶7}    The Second District in *EnRoute Card* reversed and remanded the trial court's judgment entering default judgment against the appellant.  *EnRoute Card*, 1996 WL 303571, at * 1, 7 (2d Dist. June 7, 1996).  The court indicated the record contained insufficient facts in order to discern whether certified mail service at a business address was "'reasonably calculated'" to apprise the appellant of the pending lawsuit.  *Id.* at * 4.  The court found it necessary to remand for the trial court to determine the extent of the appellant's activity at the business address and "whether his frequent presence justified ordinary mail service there, pursuant to Civ.R. 4.6(D), after certified mail service under Civ.R. 4.1 failed."  *Id.* at * 5.  The facts in *Johnson* are different from those in *EnRoute*

*Card* and this court did not rule opposite to the holding of the Second District on a rule of law. *Johnson* does not conflict with *EnRoute Card.*

**{¶8}** The Third District in *Simindinger* affirmed the trial court's judgment granting the appellee's motion for leave to file an answer instanter, denying the appellant's second motion for default judgment, and dismissing the appellant's complaint. *Simindinger*, 2021-Ohio-3274, at ¶ 2, 35 (3d Dist.). The court found the appellee's counsel "was never served with the summons and complaint[,] despite his appearance as counsel of record throughout the pendency of the case." *Id.* at ¶ 22. The facts in *Johnson* are different from those in *Simindinger* and this court did not rule opposite to the holding of the Third District on a rule of law. *Johnson* does not conflict with *Simindinger.*

**{¶9}** The Fourth District in *Ward* reversed and remanded the trial court's judgment overruling the appellant's motion to vacate a divorce decree. *Ward*, 2002-Ohio-5948, at ¶ 1, 18 (4th Dist.). The appellant was married to the appellee, a German citizen. *Id.* at ¶ 2. The parties married in Germany, settled in Ohio, and the appellant later returned to Germany with one of their children. *Id.* The court agreed with the appellant's argument that "compliance with the Hague Service Convention is mandatory for service of process by an American upon a German citizen even when (1) the German citizen has actual notice of a legal proceeding, and (2) a German lawyer, not admitted in Ohio and not admitted pro hac vice, filed a response." *Id.* at ¶ 1. The facts in *Johnson* are different from those in *Ward* and this court did not rule opposite to the holding of the Fourth District on a rule of law. *Johnson* does not conflict with *Ward.*

**{¶10}** The Eighth District in *Purushealth* affirmed the trial court's judgment granting the appellees' motion to dismiss. *Purushealth*, 2019-Ohio-2002, at ¶ 2, 49 (8th Dist.). The court found because the appellant knew the appellees' attorneys' names, "it could not designate them as 'John Doe defendants' in the original complaint." *Id.* at ¶ 29. The court held because the appellant "failed to comply with Civ.R. 15(D), neither Civ.R. 15(C)'s relation-back provisions nor the savings statute apply." *Id.* at ¶ 32. Contrary to the appellant's argument, the court determined R.C. 2305.19 was inapplicable since the parties and relief sought in the new action were different from those in the original action. *Id.* at ¶ 34. The facts in *Johnson* are different from those in *Purushealth* and this court

did not rule opposite to the holding of the Eighth District on a rule of law. *Johnson* does not conflict with *Purushealth.*

**{¶11}** The Ninth District in *Hunt* affirmed the trial court's judgment granting summary judgment to the appellee. *Hunt*, 2023-Ohio-3454, at ¶ 1, 11 (9th Dist). The court held the appellee informed the appellant of a new address during the first action, however, the appellant attempted to serve the appellee at his former address five years later. *Id.* at ¶ 10. The facts in *Johnson* are different from those in *Hunt* and this court did not rule opposite to the holding of the Ninth District on a rule of law. *Johnson* does not conflict with *Hunt.*

**{¶12}** The Tenth District in *Kerby* affirmed the trial court's judgment granting the appellee's motion for summary judgment. *Kerby*, 2024-Ohio-5665, at ¶ 1, 27 (10th Dist.). Contrary to the appellants' assertions, the court found no presumption of service ever arose in that case. *Id.* at ¶ 16. The facts in *Johnson* are different from those in *Kerby* and this court did not rule opposite to the holding of the Tenth District on a rule of law. *Johnson* does not conflict with *Kerby.*

**{¶13}** Upon consideration, we find no conflict between the decision made by this court on January 24, 2025 and the cases cited by Appellant from our Sister Courts. Accordingly, Appellant's motion to certify a conflict is hereby denied.

**{¶14}** Appellant additionally asserts this matter should be considered en banc because it namely conflicts with *McAbee*, 2013-Ohio-5291 (7th Dist.).

App.R. 26(A)(2) governs application for en banc consideration. Pursuant to the rule, if a court of appeals determines that two or more of its decisions are in conflict, it may order that an appeal or other proceeding be considered en banc. App.R. 26(A)(2)(a). Intra-district conflicts can arise when different panels of judges hear the same issue, but reach different results. *Gentile v. Turkoly*, 7th Dist. No. 16 MA 0071, 2017-Ohio-2958, ¶ 2, citing *McFadden v. Cleveland State Univ.*, 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, ¶ 15. "Consideration en banc is not favored and will not be ordered unless necessary to secure or maintain uniformity of decisions within the district on an issue that is dispositive in the case in which the application is filed." App.R. 26(A)(2)(a). The burden is on the party

requesting en banc consideration to "explain how the panel's decision conflicts with a prior panel's decision on a dispositive issue and why consideration by the court en banc is necessary." App.R. 26(A)(2)(b).

*Pfalzgraf v. Miley*, 2018-Ohio-3595, * 2 (7th Dist.).

**{¶15}** Appellant's reliance on *McAbee* is misplaced. In *McAbee*, the appellee was dead and thus, service could not be completed upon him. *McAbee*, 2013-Ohio-5291, at ¶ 18 (7th Dist.). This court held, "the amended complaint that substituted the estate for the decedent must be served on the personal representative within one year after the original complaint was filed. *Id.* at ¶ 19. Because it was not, this court found the trial court did not err in dismissing the complaint. *Id.*

**{¶16}** *McAbee* is inapplicable to the facts in the case at bar. Here, as stated, Appellant admitted he had actual notice but hired his first attorney to deny service. *See Johnson*, 2025-Ohio-212, at ¶ 30 (7th Dist.); (1/15/2023 Affidavit of Tom Sailor). Based on the facts presented, because service was perfected under Civ.R. 3(A), this court held the trial court did not err in adopting the magistrate's decision denying Appellant's motion to dismiss. *Johnson* at ¶ 30.

**{¶17}** "The purpose of en banc proceedings is to resolve conflicts of law that arise within a district." *Gentile,* 2017-Ohio-2958*,* at ¶ 4 (7th Dist.); App.R. 26(A)(2)(a). Our holding in this appeal is not in conflict with *McAbee* and Appellant has failed to identify a dispositive issue. *See Pfalzgraf,* 2018-Ohio-3595*,* at * 2 (7th Dist.). Therefore, there is no basis for en banc consideration. *Gentile* at ¶ 4.

**{¶18}** For the foregoing reasons, Appellant's joint application to certify a conflict and for en banc consideration is hereby denied.

Case No. 24 MA 0063

**JUDGE KATELYN DICKEY**


**JUDGE CAROL ANN ROBB**


**JUDGE MARK A. HANNI**



### <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**