[Cite as *Gaylord v. Frazzini*, 2010-Ohio-6385.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

BRETT GAYLORD,                    )
                                  )      CASE NO.    10 MA 69
        PLAINTIFF-APPELLANT,      )
                                  )
    - VS -                        )      O P I N I O N
                                  )
DENO FRAZZINI,                    )
                                  )
        DEFENDANT-APPELLEE.       )


CHARACTER OF PROCEEDINGS:         Civil Appeal from Youngstown Municipal
                                  Court, Case No. 08CVF1399.


JUDGMENT:                         Affirmed in part; Reversed and Modified
                                  in part.


APPEARANCES:
For Plaintiff-Appellant:          Attorney Plato Kalfas
                                  4822 Market Street, Suite 250
                                  Youngstown, Ohio  44512


For Defendant-Appellee:           Attorney James Melone
                                  700 Fifth Street
                                  Struthers, Ohio  44471


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                  Dated:  December 22, 2010

VUKOVICH, P.J.

**¶{1}** Plaintiff-appellant Brett Gaylord appeals the decision of the Youngstown Municipal Court entering judgment in favor of defendant-appellee Deno Frazzini in the amount of $1,747.37 plus interest.

**¶{2}** Gaylord's first argument is a manifest weight of the evidence argument. He asserts that the municipal court abused its discretion when it determined that the contract between Gaylord and Frazzini did not have a set completion date. He argues that the completion date was set for the end of December 2007 and thus, when Frazzini had not completed the work by February 2008, Frazzini breached the contract. Alternatively, Gaylord contends that even if the municipal court did not abuse its discretion in rendering judgment in favor of Frazzini, the municipal court's computation of damages was incorrect when considering the findings that it made.

**¶{3}** Considering the evidence presented at trial, we find that the municipal court did not abuse its discretion by determining that there was no solid completion date set by the contract. That said, we find merit with Gaylord's alternative argument that the computation of damages was incorrect. The municipal court's award of damages does not align with the findings it made; per the evidence presented at trial, damages only amounted to $970.70, not to $1,747.37. Accordingly, the judgment is affirmed in part, reversed in part and the award of damages is modified to $970.70 plus interest.

<u>STATEMENT OF THE CASE</u>

**¶{4}** On March 27, 2008, Gaylord, a real estate developer, filed a breach of contract complaint against Frazzini, a contractor, seeking damages in excess of $3,600. Frazzini answered the complaint and counterclaimed for damages in the amount of $3,490.

**¶{5}** Following discovery, but prior to trial, the parties stipulated to the following facts. The parties entered into an oral contract for the rehabilitation of property at 209 Outlook Avenue in Youngstown, Ohio. The contract price was set at $6,500, half was due up front and the remainder was to be paid upon completion. The contract included painting portions of the outside of the house, installing hardwood

floors in the kitchen and dining room, installing kitchen cabinets and countertops, redoing the upstairs and downstairs bathrooms, installing new front doors and interior doors, dry walling, texturing and painting walls in the house, installing new windows, and installing glass block windows in the basement. Work commenced on the house on or about October 19, 2007 and Gaylord paid Frazzini $3,250 on or about that date. Gaylord later also paid Frazzini $400 for three windows that were never purchased by Frazzini. Gaylord terminated Frazzini's employment shortly after February 22, 2008.

¶{6} During trial, each party offered testimony about the amount of work completed and whether it was completed in a workmanlike manner. They each also offered testimony on whether there was a firm completion date for the contract.

¶{7} Following trial, the municipal court found that based on the testimony there was no firm completion date for the contract, Frazzini had completed 70.58% of the labor for the project, and Gaylord terminated Frazzini's employment before the remainder of the work could be completed. 02/26/10 J.E. Thus, Gaylord's complaint for money owed based on breach of contract was denied. The court then entered judgment for Frazzini on his counterclaim in the amount of $1,747.37 plus interest. 02/26/10 J.E.

¶{8} Following that decision, Gaylord filed a motion for reconsideration on the amount of damages owed to Frazzini. However, prior to a decision being rendered on that motion, Gaylord filed a timely appeal from the February 26, 2010 judgment and requested a stay of execution. The stay of execution was granted. 04/06/10 J.E.

FIRST ASSIGNMENT OF ERROR

¶{9} "WHETHER A LOWER COURT ABUSES ITS DISCRETION BY NOT FINDING A PARTY TO A CONTRACT IN BREACH OF THAT CONTRACT FOR FAILURE TO PERFORM IN A TIMELY MANNER WHEN THE BREACHING PARTY ADMITTED THAT THERE WAS A COMPLETION DATE TO THE CONTRACT, AND DID NOT COMPLETE THE CONTRACT BY THAT DATE."

¶{10} This assignment of error presents a manifest weight of the evidence argument. Appellate review of a manifest weight of the evidence argument in a civil case is much more deferential to the trial court than in a criminal case. *State v. Wilson,* 113 Ohio St.3d 382, 2007-Ohio-2202, ¶26. The civil manifest weight of the

evidence standard provides that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. Id. at ¶24, citing *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, syllabus.

¶{11} The reviewing court is obliged to presume that the findings of the trier of fact are correct. Id*., citing Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 80-81. This presumption arises in part because the fact-finder occupies the best position to observe the witnesses' demeanor, gestures, and voice inflections and to utilize these observations in weighing credibility. Id., citing *Seasons Coal*, 10 Ohio St.3d at 80.

¶{12} Here, the concentration is on the municipal court's finding that there was "[n]o fixed time completion date." 02/26/10 J.E. The municipal court further expanded upon that finding by stating:

¶{13} "The Court further finds that defendant provided 70.58 per cent [sic] of the labor for the project and based on testimony and circumstances (an understanding by plaintiff of defendant's skill level and timeliness from previous agreements and projects) the work was not untimely or not in a workmanlike manner." 02/26/10 J.E.

¶{14} At trial, Gaylord testified that their oral contract set a "tentative deadline" for the work to be completed by November 30, 2007. (Tr. 10). He later explained that the deadline was extended by a month to the end of December. (Tr. 12-13). However, in stating all of this, he explained that he had previously used Frazzini on two other jobs and while he was happy with the price and quality of work for those two jobs, timeliness was an issue. (Tr. 9, 33-34). During cross-examination he made the following statements about his willingness to deal with the timeliness issue:

¶{15} "Q. You got two out of three and thought based on the price and based on the work I am willing to deal with the timeliness?

¶{16} "A. Right.

¶{17} "* * *

¶{18} "Q. Would you agree that you were willing to give a bit on timeliness in exchange for quality of work and a good price?

¶{19} "A. Would I give way to timeliness?

¶{20} "Q. Willing to not be as strict on timeliness so you could get the good price and the quality of work, is that fair to say?

¶{21} "A. To a degree, yes.

¶{22} "Q. You showed that by agreeing to extend it at least one time from November 30th to the end of December?

¶{23} "A. Correct.

¶{24} "Q. So you knew that would be an issue and, in fact, it was an issue, correct?

¶{25} "A. Yes." (Tr. 33-34).

¶{26} Frazzini concurred that the original agreement was for the work to be completed by November 30th. (Tr. 54). However, he then explained that the November 30th deadline was not set in stone, rather it was a date that Gaylord "would like" the work to be done by, i.e. it was an aspirational completion date. (Tr. 55).

¶{27} The above testimony regarding the tentative nature of the completion date for the contract and the effect of past transactions on the contract is competent credible evidence that can easily be interpreted to show that any completion date was not firm. Despite that, Gaylord argues that an e-mail admitted into evidence at trial from Frazzini to Gaylord dated February 2008 shows that the deadline was firm. In the e-mail, Frazzini acknowledges that the project was not completed and it was past the "Nov/Dec deadline." This is not a clear indication that the contract had a set deadline; and it does not state that it was a firm deadline instead of an aspirational deadline. Consequently, that e-mail does not provide clear evidence that the municipal court's decision was against the manifest weight.

¶{28} Gaylord also focuses his argument on Frazzini's admission on the stand that half the delays in the completion of the project were contributable to him. (Tr. 70). That admission, however, does not alter any testimony concerning whether or not the deadline was tentative. Thus, it provides no support for the position that the municipal court's decision was against the manifest weight of the evidence.

¶{29} Accordingly, considering the standard used to review the argument presented and all the evidence admitted at trial, we find that there was competent credible evidence to support the municipal court's decision to deny Gaylord's

complaint for breach of contract; the municipal court's finding that there was not a firm completion date to the contract was not against the manifest weight of the evidence. This assignment of error does not have any merit.

SECOND ASSIGNMENT OF ERROR

¶{30} "WHETHER THE LOWER COURT UTILIZED AN IMPROPER MONETARY FIGURE TO CALCULATE THE AWARD TO THE DEFENDANT-APPELLEE."

¶{31} The court found that Frazzini did not breach the contract and that he completed 70.58% of the work he was contracted to perform. Also, it was stipulated that the contract price was $6,500. By those numbers, Frazzini was entitled to $4,587.70 for the work that was completed. It was also stipulated that Frazzini had already been paid $3,250 at the start of the job. The municipal court determined that Gaylord was to be credited for an additional $400 he paid to Frazzini for windows that he never received. Thus, in all Gaylord paid Frazzini $3,650. Subtracting $3,650 from $4,587.70, the remainder owed to Frazzini for the work he actually completed was $937.70.

¶{32} Given the above computations, we find merit with Gaylord's argument that the municipal court incorrectly awarded Frazzini $1,747.37 instead of the $937.70. The purpose of contract damages is to compensate the nonbreaching party for the loss suffered as a result of the breach. *Lake Ridge Academy v. Carney* (1993), 66 Ohio St.3d 376, 381. See, also, *Miller v. Irvin* (1988), 49 Ohio App.3d 96, 98 (stating purpose of damages is to compensate a party for the injuries suffered and to make that party whole). Furthermore, a damage award is unreasonable if it places a party in a better position than the party would have enjoyed if the breaching party had fully performed its obligations. *Thomas K. Dillon, M.D., Inc. v. Four Development Co.* (Sept. 11, 1992), 6th Dist. No. L-91-231, citing *Cincinnati Fluid Power, Inc. v. Rexmord, Inc.* (C.A.6, 1986), 797 F.2d 1386, 1393. The municipal court's award of $1,747.37 is over the amount due on the contract and, as such, places Frazzini in a better position than he would have been had he been permitted to complete the contract. While it is true that Frazzini's counterclaim sought damages in excess of the

contract price, at trial he did not argue or present evidence to show why he was entitled to any more than was owed on the contract.

¶{33} Accordingly, based on the above espoused principles of damages, the municipal court's findings, and the evidence presented at trial, this assignment of error has merit.

## CONCLUSION

¶{34} For the foregoing reasons, the judgment of the trial court is affirmed in part, and reversed and modified in part. In conclusion, the first assignment of error lacks merit. The municipal court's decision to deny Gaylord's complaint for breach of contract is affirmed. However, the second assignment of error has merit. The award of damages is reversed and modified from $1,739.37 plus interest to $937.70 plus interest.

Donofrio, J., concurs.
Waite, J., concurs.