[Cite as *Johnson v. Sailor*, 2025-Ohio-212.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

ANTHONY JOHNSON,

Plaintiff-Appellee,

v.

TOM SAILOR DBA CROWS NEST RECORDING,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 MA 0063**

---

Civil Appeal from the
Youngstown Municipal Court, Small Claims Division, of Mahoning County, Ohio
Case No. 22CVI02612Y

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

Anthony Johnson, Plaintiff-Appellee and

*Atty. Cherie H. Howard*, for Defendant-Appellant.

Dated: January 24, 2025

**DICKEY, J.**

{¶1}   Appellant, Tom Sailor dba Crow's Nest Recording Studio, appeals from two December 7, 2023 judgments and one June 3, 2024 judgment of the Youngstown Municipal Court, Small Claims Division, which adopted magistrate's decisions that: (1) denied Appellant's motion to dismiss Appellee's, Anthony Johnson, amended complaint for failure to perfect service within one year; (2) dismissed Appellant's counterclaim; (3) denied Appellant's motion to transfer the case to the trial court's regular docket; and (4) granted judgment in favor of Appellee and against Appellant in the amount of $3,000 following a small claims hearing.

{¶2}   On appeal, Appellant asserts the trial court erred: (1) in reversing, sua sponte, its August 10, 2023 judgment vacating the default judgment; (2) in overruling his motion to dismiss the complaint for lack of personal jurisdiction; (3) in adopting the magistrate's refusal to grant him a continuance; (4) in adopting the magistrate's refusal to transfer the case to the court's regular docket; (5) in dismissing his counterclaim; (6) in finding a breach of contract; and (7) in awarding money damages.

{¶3}   Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶4}   Appellant and Appellee are musicians.  Appellant operates Crow's Nest Recording Studio.  In April 2021, the parties entered into a verbal agreement for Appellant to record ten of Appellee's songs.  The recordings were completed in October 2021 and loaded onto various internet music streaming services.  Appellee subsequently requested stems or masters of the recordings.  A rift developed between the parties and Appellant refused to furnish the stems or masters.

{¶5}   On August 11, 2022, Appellee filed a pro se small claims complaint against Appellant and an amended complaint on September 20, 2022.  Appellee alleged his intellectual property had been detained by Appellant causing Appellee damages in the amount of $6,000.

{¶6}   A hearing was held on October 25, 2022.  Appellant's retained counsel, Attorney Kim Akins, did not file an appearance but appeared to contest service of process.

Case No. 24 MA 0063

Attorney Akins provided the trial court with her address for service and the matter was reset.

{¶7} On that same date, the amended complaint was sent via regular mail with certificate of mailing to Appellant at 814 Marshall St., Youngstown, Ohio as well as c/o Attorney Kim Akins, 830 Mansell Dr., Youngstown, Ohio. Neither of these mailings were returned as undeliverable and the presumption was of proper service.

{¶8} On January 2, 2023, the small claims hearing went forward. Appellant failed to appear and a default judgment was rendered for $3,000 in Appellee's favor. The magistrate filed her decision on January 4, 2023 and the trial court adopted the decision 20 days later. Appellant obtained new counsel, Attorney Cherie Howard, who entered a notice of appearance. On January 26, 2023, Attorney Howard filed a motion to vacate the default judgment based on failure of service. Due to an unexplained clerical error, this matter did not come to the trial court's attention until August 8, 2023. Due to this prolonged timespan, the court granted Appellant's motion to vacate on August 10, 2023 and ordered Appellee to serve Appellant at the last address noted in Appellant's motion to vacate.

{¶9} On October 17, 2023, Appellant filed a motion to dismiss the complaint for Appellee's failure to perfect service within one year under Civ.R. 3(A). The magistrate recommended denying that motion on October 31, 2023. On November 6, 2023, Appellant filed an answer and counterclaim for $15,000 as well as a motion to transfer the case to the trial court's regular docket. The next day, November 7, 2023, the scheduled small claims hearing was held. The magistrate overruled Appellant's oral request for a continuance. Appellee testified he paid $2,000 to Appellant and $1,000 to other musicians for the ten recordings pursuant to the parties' oral agreement. Appellant testified he spent a great deal of time on this passion project and the parties' relationship deteriorated. Appellant claimed he fulfilled his duties and was no longer willing to work with Appellee. On November 13, 2023, Appellant filed objections to the magistrate's October 31, 2023 decision.

{¶10} On December 7, 2023, regarding Appellant's motion to vacate the default judgment, the trial court held, "[i]n hindsight," it "should not have granted said motion." (12/7/2023 Judgment Entry, p. 2). The court adopted the magistrate's decision and

denied Appellant's motion to dismiss the complaint for failure to perfect service within one year. The court found:

Defendant's Motion to Vacate included an Affidavit by the Defendant which he admitted as follows:

4. About August 2022 or September 2022, Bart Blum, a tenant at 814 Marshall Street, Youngstown, Ohio 44502, gave me notice for certified mail that had been delivered to his mailbox. I never claimed the certified mail.

5. Then, in October 2022, Bart Blum gave me a regular mail envelope that had been delivered to his mailbox. The notice in the regular mail envelope notified me that Anthony Johnson had sued me in small claims court and that a hearing was set for October 25, 2022.

6. I retained Attorney Kim Akins to appear at the October 25th hearing to notify the court that the small claims complaint contained a wrong mailing address and that I had never been properly served notice of the lawsuit.

7. On or about January 4, 2023, I discovered that a judgment had been entered against me.

Further the Magistrate's Decision of October 31, 2023, which is the subject of Defendant's herein Objections, indicates that on October 25, 2022 Attorney [Akins] appeared on behalf of Defendant and indicated that Defendant had not gotten service, and provided the Court with her address for service. This was accomplished on October 26, 2022 when the Clerk's office mailed the hearing notice for a January 3, 2023, Small Claims complaint and Magistrate's order of from [sic] October 25, 2022 hearing by regular mail with certificate of mailing.

Procedural due process, among other things but most pertinent to this case, is to assure an individual will not be deprived of life, liberty or

property without due process of law including notice of the claim being made against him and who is making it as well as having an opportunity to be heard. It does not permit a person to intentionally thwart or avoid service. Defendant himself admits he intentionally did not claim certified mail. He admits that sometime in October, 2022 he received, read and was "notified" of the claim against him and who was bringing it and that a hearing was to be held October 25, 2022. Defendant admits he then hires Attorney Kim [Akins] to deny service. Attorney [Akins], while never filing notice of appearance, attends the hearing, denies service (personal jurisdiction) and further advises the Magistrate to serve Defendant at her office, which is done. Defendant further admits that on January 4, 2023, the same day as the Magistrate's decision of the October 25, 2022 hearing was mailed, he learned of the default judgment against him and hires Attorney Cherie Howard.

As an aside, it must be noted that after the Magistrate denied Defendant's Motion to Dismiss and before Defendant filed its Objections to that decision a full hearing on the merits was conducted where all parties were present and fully participated. This occurred on November 7, 2023. (Of note, Defendant filed an Answer and Counter Claim and Motion to Transfer to Regular Docket on November 6, 2023 at 3:09 pm. This is addressed in a separate Judgment Entry).

As shown in Defendant's sworn affidavit this Court deems Defendant had actual notice of this matter since October 2022. Not only does he admit to being notified by the actual complaint document, he hires 2 attorneys throughout this process. The first attorney, according to the Magistrate, gave permission to have Defendant served at her address which was accomplished on or around October 26, 2022. Based on the foregoing and in the matter of justice Defendant's Objections are overruled. The Court finds the Magistrate properly interpreted the facts of this case and properly

applied the law. Magistrate's Decision of October 31, 2023 denying Defendant's Motion to Dismiss hereby stands.

(12/7/2023 Judgment Entry, p. 2-4); *see also* (1/15/2023 Affidavit of Tom Sailor).

**{¶11}** In another judgment that same date, the trial court adopted the magistrate's decision dismissing Appellant's counterclaim and denying Appellant's motion to transfer the case to the court's regular docket, specifically stating:

Defendant's request to transfer this matter to regular docket is overruled. In the Court's decision adopting the Magistrate's denial of Defendant's Motion to Dismiss it discusses the facts that support Defendant had actual notice of the claim made against him and who made it sometime in October, 2022 but before October 25, 2022. Notice of this matter, who made it and scheduled hearing was admitted to by the Defendant himself in his affidavit in support of his Motion to Vacate filed on January 7, 2023.

Defendant filed his counterclaim the day before the scheduled Small Claims trial. This, in the Court's opinion did not give reasonable or sufficient notice to the pro se Plaintiff to prepare for such an action. The Small Claims trial proceeded with all parties present as well as Defense counsel. Therefore the Court sua sponte dismisses the Defendant's counter claim and denies the transfer of this matter to the Court's regular docket.

(12/7/2023 Judgment Entry, p. 2).

**{¶12}** Appellant filed an appeal with this court, Case No. 24 MA 0005. On January 30, 2024, this court sua sponte dismissed that appeal for lack of a final appealable order.

**{¶13}** On February 5, 2024, the magistrate issued a decision regarding the November 7, 2023 hearing in which Appellant's motion for a continuance and motion to dismiss for lack of service were denied, the counterclaim was dismissed, and Appellee was awarded judgment against Appellant in the amount of $3,000 plus interest and costs. On February 12, 2024, Appellant filed a request for findings of fact and conclusions of

law, which the magistrate filed on May 7, 2024. Ten days later, Appellant filed objections to the magistrate's decision.

{¶14} On June 3, 2024, in addressing Appellant's objections to the magistrate's decision finding in favor of Appellee in the sum of $3,000 and dismissing Appellant's counterclaim as untimely, the trial court found that the magistrate had properly determined the factual issues and appropriately applied the law. The court held that: (1) the issue regarding the motion to dismiss for failing to perfect service would not be addressed because the court had ruled on the issue in its December 7, 2023 decision; (2) the magistrate had not engaged in an abuse of discretion by failing to grant a continuance; (3) the motion to transfer the case to the court's regular docket would not be addressed because the court had ruled on that issue in its December 7, 2023 decision; (4) the magistrate was correct in dismissing Appellant's untimely counterclaim; (5) the magistrate asked appropriate questions and properly concluded what was or was not admissible hearsay; (6) the magistrate correctly found there was an oral contract for master recordings; (7) the magistrate had not relied on speculative evidence in awarding damages; and (8) the magistrate had not ignored the mandates of the civil rules to aid a pro se litigant.

{¶15} Appellant filed this appeal, Case No. 24 MA 0063. Appellant, through Attorney Howard, filed a brief on September 20, 2024. Appellee filed a pro se brief on October 29, 2024, which states in its entirety:

> I, Anthony Johnson, contracted Tom Sailor/DBA "Crows Nest Recording" to make recordings of my original musical tracks. My goal was to create "Masters" of my work to share and generate additional opportunities for myself. (A master recording is the original, final version of a song, capturing its highest quality sound. The importance of owning your masters lies in the control it grants over the use of that music on platforms like Apple Music and other streaming services, ensuring artists retain the legal rights to freely manage their work). I have never received my product from Mr. Sailor. Mr. Sailor has made multiple excuses for not providing me with product that his service was supposed to provide. The court has ruled in my favor on December 7, 2023. I am asking the court to enforce the

previous judgment so that I can proceed with future engagements and potential revenue streams.

(10/29/2024 Appellee's Brief).

**{¶16}** Appellant raises seven assignments of error for this court's review.

**ASSIGNMENT OF ERROR NO. 1**

**THE TRIAL COURT ERRED AS A MATTER OF LAW IN REVERSING, SUA SPONTE, ITS JUDGMENT ENTRY OF AUGUST 10, 2023 VACATING THE DEFAULT JUDGMENT.**

**ASSIGNMENT OF ERROR NO. 2**

**THE TRIAL COURT ERRED AS A MATTER OF LAW BY OVERRULING DEFENDANT-APPELLANT'S MOTION TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION.**

**{¶17}** In his first assignment of error, Appellant argues the trial court erred as a matter of law in sua sponte reversing its August 10, 2023 judgment vacating the default judgment. Appellant claims "[b]y effectively vacating its prior decision, the trial court permitted Johnson to escape the mandate of Civ.R. 3(A) which obligated the court to dismiss the complaint for the reason that service was not perfected within a year." (9/20/2024 Appellant's Brief, p. 16-17).

**{¶18}** In his second assignment of error, Appellant contends the trial court erred in overruling his motion to dismiss the complaint for lack of personal jurisdiction under Civ.R. 3(A).

**{¶19}** Because Appellant's arguments contained in his first and second assignments of error are interrelated, we will address them in a consolidated fashion for ease of discussion.

**{¶20}** "The assertion that the judgment is contrary to law is a question of law and requires a de novo review." *KB Res., LLC v. Patriot Energy Partners, LLC*, 2018-Ohio-2771, ¶ 117 (7th Dist.), citing *Gateway Consultants Group, Inc. v. Premier Physicians*

Case No. 24 MA 0063

*Centers, Inc.*, 2017-Ohio-1443, ¶ 12 (8th Dist.). "As to personal jurisdiction, we review a trial court's decision to exercise personal jurisdiction under a de novo standard." *Jarvis v. Pompos*, 2024-Ohio-1102, ¶ 31 (7th Dist.), citing *State ex rel. Cordray v. Makedonija Tabak 2000*, 2010-Ohio-2903, ¶ 18 (10th Dist.).

{¶21} Civ.R. 3(A) states in part: "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant[.]"

{¶22} "Civ.R. 60 provides the mechanism by which a court may vacate a previous order. A trial court may correct a clerical mistake on its own initiative or upon motion of a party. Civ.R. 60(A). However, when correcting substantive mistakes, the rule does not provide that a trial court may act on its own initiative. Civ.R. 60(B)." *Earl v. Earl*, 2004-Ohio-5684, ¶ 8 (9th Dist.).

> "The basic distinction between clerical mistakes that can be corrected under Civ.R. 60(A) and substantive mistakes that cannot be corrected is that the former consists of 'blunders in execution' whereas the latter consists of instances where the court changes its mind . . ." *Breen v. Cassese* (Jan. 9, 1992), Cuyahoga App. No. 62154, unreported, quoting *Blanton v. Anzalone* (C.A.9, 1987), 813 F.2d 1574, 1577 . . .

*O'Neill v. Contemp. Image Labeling, Inc.*, 1997 WL 610615, * 2 (1st Dist. Oct. 3, 1997).

{¶23} Here, the trial court acted within the purview of Civ.R. 60(A). Again, the record reveals the following:

{¶24} On August 11, 2022, Appellee filed a pro se small claims complaint against Appellant and an amended complaint on September 20, 2022. A hearing was held on October 25, 2022. Appellant's retained counsel, Attorney Kim Akins, did not file an appearance but appeared to contest service of process.

{¶25} On that same date, the amended complaint was sent via regular mail with certificate of mailing to Appellant at 814 Marshall St., Youngstown, Ohio as well as c/o Attorney Kim Akins, 830 Mansell Dr., Youngstown, Ohio. Neither of these mailings were returned as undeliverable and the presumption was of proper service.

**{¶26}** On January 2, 2023, the small claims hearing went forward. Appellant failed to appear and a default judgment was rendered for $3,000.00 in Appellee's favor. Appellant obtained new counsel, Attorney Cherie Howard, who entered a notice of appearance. On January 26, 2023, Attorney Howard filed a motion to vacate the default judgment based on failure of service. Due to an unexplained clerical error, this matter did not come to the trial court's attention until August 8, 2023. Due to this prolonged timespan, the court granted Appellant's motion to vacate on August 10, 2023 and ordered Appellee to serve Appellant at the last address noted in Appellant's motion to vacate.

**{¶27}** On October 17, 2023, Appellant filed a motion to dismiss the complaint for Appellee's failure to perfect service within one year under Civ.R. 3(A). The magistrate recommended denying that motion on October 31, 2023. On November 7, 2023, the scheduled small claims hearing was held. Appellant filed objections to the magistrate's decision.

**{¶28}** On December 7, 2023, regarding Appellant's motion to vacate the default judgment, the trial court held, "[*i*]*n hindsight*," it "should not have granted said motion." (Emphasis added). (12/7/2023 Judgment Entry, p. 2). The court adopted the magistrate's decision and denied Appellant's motion to dismiss the complaint for failure to perfect service within one year. The court found:

> Defendant's Motion to Vacate included an Affidavit by the Defendant which *he admitted* as follows:
>
> 4. About August 2022 or September 2022, Bart Blum, a tenant at 814 Marshall Street, Youngstown, Ohio 44502, gave me notice for certified mail that had been delivered to his mailbox. I never claimed the certified mail.
>
> 5. Then, in October 2022, Bart Blum gave me a regular mail envelope that had been delivered to his mailbox. The notice in the regular mail envelope notified me that Anthony Johnson had sued me in small claims court and that a hearing was set for October 25, 2022.
>
> 6. I retained Attorney Kim Akins to appear at the October 25th hearing to notify the court that the small claims complaint contained a wrong

mailing address and that I had never been properly served notice of the lawsuit.

7. On or about January 4, 2023, I discovered that a judgment had been entered against me.

. . .

Procedural due process . . . does not permit a person to intentionally thwart or avoid service. *Defendant himself admits he intentionally did not claim certified mail. He admits that sometime in October, 2022 he received, read and was "notified" of the claim against him and who was bringing it and that a hearing was to be held October 25, 2022. Defendant admits he then hires Attorney Kim [Akins] to deny service.* . .

. . .

As shown in Defendant's sworn affidavit this Court deems *Defendant had actual notice of this matter since October 2022. Not only does he admit to being notified by the actual complaint document, he hires 2 attorneys throughout this process. The first attorney, according to the Magistrate, gave permission to have Defendant served at her address which was accomplished on or around October 26, 2022.* . .

(Emphasis added). (12/7/2023 Judgment Entry, p. 2-4); *see also* (1/15/2023 Affidavit of Tom Sailor).

**{¶29}** Based on the facts presented and the record before us in this particular case, the trial court did not make a substantive mistake in changing its mind. *See O'Neill*, 1997 WL 610615, * 2 (1st Dist. Oct. 3, 1997). Rather, the court acted "[*i*]*n hindsight.*" (Emphasis added). (12/7/2023 Judgment Entry, p. 2). "Hindsight" is defined as "perception of the nature of an event after it has happened[.]" *Merriam-Webster Online*, https://www.merriam-webster.com/dictionary/hindsight (accessed Nov. 27, 2024). As addressed, because of an unexplained clerical error, Attorney Howard's January 26, 2023

motion to vacate the default judgment did not come to the court's attention until August 8, 2023. The court initially granted the motion two days later. Although not a best practice, it appears the court quickly signed its concise judgment entry as a result of this prolonged timespan. Following the November 7, 2023 small claims hearing, the court held, "[*i*]*n hindsight*," it "should not have granted said motion." (Emphasis added). (12/7/2023 Judgment Entry, p. 2). This clerical mistake consisting of a "blunder in execution" was properly corrected under Civ.R. 60(A). *See O'Neill* at *2. Thus, the court had the authority to vacate its own judgment due to its hindsight. *Id.* (Holding the trial court did not change its mind but rather corrected its oversight by sua sponte vacating its own judgment after realizing that a motion had been pending, thereby acting within the purview of Civ.R. 60(A)).

**{¶30}** The record reveals Appellee's pro se small claims complaint was filed on August 11, 2022 and an amended complaint was filed on September 20, 2022. The record further reveals, and Appellant admitted, he had actual notice of this matter since October 2022 and he hired his first attorney to deny service. *See* (1/15/2023 Affidavit of Tom Sailor). The trial court properly determined "[p]rocedural due process . . . does not permit a person to intentionally thwart or avoid service." (12/7/2023 Judgment Entry, p. 3). Based on the facts presented, because service was perfected under Civ.R. 3(A), the court did not err in adopting the magistrate's decision denying Appellant's motion to dismiss.

**{¶31}** Appellant's first and second assignments of error are without merit.

## ASSIGNMENT OF ERROR NO. 3

**THE TRIAL COURT ERRED AS A MATTER OF LAW BY ADOPTING THE MAGISTRATE'S REFUSAL TO GRANT A CONTINUANCE TO DEFENDANT-APPELLANT.**

**{¶32}** In his third assignment of error, Appellant asserts the trial court erred in adopting the magistrate's refusal to grant him a continuance.

**{¶33}** "When addressing the denial of a continuance, appellate courts employ an abuse of discretion standard." *Matter of E.T.*, 2023-Ohio-444, ¶ 85 (7th Dist.), citing *State*

*v. Unger,* 67 Ohio St.2d 65 (1981), syllabus. An abuse of discretion occurs when a court exercises its judgment "in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

> "'There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.'" *Unger* at 67, 423 N.E.2d 1078, quoting *Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964).

> Weighed against any potential prejudice to a defendant are concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice.

> In evaluating a motion for a continuance, a court should note, *inter alia:* the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

> (Citation omitted.) *Unger,* 67 Ohio St.2d 65, 67-68, 423 N.E.2d 1078.

*Matter of E.T.*, 2023-Ohio-444, ¶ 86 (7th Dist.).

**{¶34}** In the instant matter, in ruling on Appellant's objections to the February 5, 2024 magistrate's decision, the trial court stated in its June 3, 2024 judgment:

> As to Defendant's second objection, the Court sustains Magistrate's denial of Defendant's oral motion to continue made on the day of trial. Defense counsel filed a notice of appearance on January 26, 2023 along

with a Motion to Vacate the default judgment filed against her client. Said motion was granted on August 8, 2023, though in hindsight this Court did note in its entry of December 7, 2023 dealing with the service issue that it should not have granted said motion. A hearing was held on October 5, 2023 and all parties were present and nothing regarding a counter-claim or trial continuance was noted. No other pleadings were filed by either side, in fact Defendant had not even filed an Answer at this point with a trial date set for November 7, 2023. On November 6, 2023 at approximately 3:00 pm, Defendant filed, without request for leave, an Answer, Counter-Claim and Motion to Transfer to regular docket. The Counter-Claim was dismissed by the Magistrate as untimely filed and the Motion to Transfer was denied. This Court believes the Magistrate's decision was proper and not an abuse of discretion. This objection is overruled.

(6/3/2024 Judgment Entry, p. 1-2).

**{¶35}** Again, the record reveals, and Appellant admitted, he had actual notice of this matter since October 2022 and he hired his first attorney to deny service. *See* (1/15/2023 Affidavit of Tom Sailor). The scheduled small claims hearing was held on November 7, 2023. At that hearing, Appellant's counsel made an oral motion to continue, which was overruled by the trial court.

**{¶36}** Upon considering the applicable *Unger* factors, we find no abuse of discretion. Specifically, "the inconvenience to litigants, witnesses, opposing counsel and the court", "whether the requested delay [was] for legitimate reasons or whether it [was] dilatory, purposeful, or contrived", "whether [Appellant] contributed to the circumstance which [gave] rise to the request for a continuance", "and other relevant factors, depending on the unique facts of [the] case" support the trial court's decision in the case at bar. *See Matter of E.T.*, 2023-Ohio-444, ¶ 86 (7th Dist.), citing *Unger,* 67 Ohio St.2d at 67-68.

**{¶37}** Appellant's third assignment of error is without merit.

## ASSIGNMENT OF ERROR NO. 4

**THE TRIAL COURT ERRED AS A MATTER OF LAW BY ADOPTING THE MAGISTRATE'S REFUSAL TO TRANSFER THE CASE TO THE COURT'S REGULAR DOCKET.**

## ASSIGNMENT OF ERROR NO. 5

**THE TRIAL COURT ERRED AS A MATTER OF LAW BY DISMISSING DEFENDANT-APPELLANT'S COUNTERCLAIM.**

**{¶38}** In his fourth assignment of error, Appellant claims the trial court erred in adopting the magistrate's refusal to transfer the case to the court's regular docket.

**{¶39}** In his fifth assignment of error, Appellant asserts the trial court erred in dismissing his counterclaim.

**{¶40}** Because Appellant's arguments contained in his fourth and fifth assignments of error are interrelated, we will consider them together.

**{¶41}** When addressing a trial court's decision regarding transferring a case, we apply an abuse of discretion standard of review. *See Beck v. W. Chester Lawn & Garden*, 2013-Ohio-2276, ¶ 6 (12th Dist.).

**{¶42}** Appellant cites to R.C. 1925.10(B), which provides in part: "In the discretion of the court, a case duly entered on the docket of the small claims division may be transferred to the regular docket of the court upon the motion of a party against whom a claim, counterclaim, or cross-claim is instituted or upon the motion of a third-party defendant."

**{¶43}** A trial court's dismissal of a counterclaim is reviewed for an abuse of discretion. *See Treasurer of Cuyahoga Cty. v. Cleveland Heights Holdings L.L.C.*, 2020-Ohio-1386, ¶ 24 (8th Dist.).

**{¶44}** At the November 7, 2023 small claims hearing, the magistrate recommended dismissing Appellant's counterclaim, which accompanied his motion to transfer, due to the untimely filing and the fact that pro se Appellee was not served. Again, the trial court adopted the magistrate's decision dismissing Appellant's counterclaim and

denying Appellant's motion to transfer the case to the court's regular docket, specifically stating in its December 7, 2023 judgment:

> Defendant's request to transfer this matter to regular docket is overruled. In the Court's decision adopting the Magistrate's denial of Defendant's Motion to Dismiss it discusses the facts that support Defendant had actual notice of the claim made against him and who made it sometime in October, 2022 but before October 25, 2022. Notice of this matter, who made it and scheduled hearing was admitted to by the Defendant himself in his affidavit in support of his Motion to Vacate filed on January 7, 2023.

> Defendant filed his counterclaim the day before the scheduled Small Claims trial. This, in the Court's opinion did not give reasonable or sufficient notice to the pro se Plaintiff to prepare for such an action. The Small Claims trial proceeded with all parties present as well as Defense counsel. Therefore the Court sua sponte dismisses the Defendant's counter claim and denies the transfer of this matter to the Court's regular docket.

(12/7/2023 Judgment Entry, p. 2).

**{¶45}** Also, in its June 3, 2024 judgment, regarding Appellant's counterclaim, the trial court stated:

> Defendant's fourth objection . . . dealing with the dismissal of Defendant's Counter-Claim is overruled. For reasons mentioned in the Court's response to Defendant's second objection. Defendant untimely filed, without leave of this Court, his Counter-Claim filed at 3:09 pm, the day before the set trial date. Defendant made no mention of a counter-claim prior to this though he and his counsel had been before the court previously and had ample time to file any of [these] pleadings prior to the evening before trial. It is this Court's opinion the Magistrate ruling was proper. Not only was leave not requested to file the counter-claim but it was made the evening before trial was to begin. The Court cannot condone such conduct at the cost of a pro-se litigant.

Case No. 24 MA 0063

(6/3/2024 Judgment Entry, p. 2).

{¶46} As stated, the record reveals, and Appellant admitted, he had actual notice of this matter since October 2022 and he hired his first attorney to deny service. *See* (1/15/2023 Affidavit of Tom Sailor). Based on the facts presented, as addressed, the trial court did not abuse its discretion in overruling Appellant's request to transfer. Also, Appellant and his counsel had ample time to file the pleadings at issue in a timely manner. However, they did not. The notice and summons in this small claims case clearly advised that a counterclaim must be served at least five days before trial. Appellant did not file his counterclaim until the day before the scheduled November 7, 2023 small claims hearing. This late filing, made without leave of court, clearly did not provide pro se Appellee reasonable or sufficient notice to prepare for such an action. The small claims hearing proceeded with both parties present as well as defense counsel. Based on the facts presented, as addressed, the trial court did not abuse its discretion in dismissing Appellant's counterclaim.

{¶47} Appellant's fourth and fifth assignments of error are without merit.

## ASSIGNMENT OF ERROR NO. 6

**THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THERE WAS A BREACH OF CONTRACT.**

## ASSIGNMENT OF ERROR NO. 7

**THE TRIAL COURT ERRED AS A MATTER OF LAW IN AWARDING MONEY DAMAGES.**

{¶48} In his sixth assignment of error, Appellant asserts the trial court erred in finding a breach of contract.

{¶49} In his seventh assignment of error, Appellant argues the trial court erred in awarding money damages to Appellee.

{¶50} Because Appellant's arguments contained in his sixth and seventh assignments of error are interrelated, we will address them together.

Case No. 24 MA 0063

**{¶51}** A breach of contract assignment of error presents a manifest weight of the evidence argument. *Gaylord v. Frazzini*, 2010-Ohio-6385, ¶ 10 (7th Dist.). "The civil manifest weight of the evidence standard provides that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *Id.*, citing *State v. Wilson*, 2007-Ohio-2202, ¶ 24, citing *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978), syllabus. "The reviewing court is obliged to presume that the findings of the trier of fact are correct." *Gaylord* at ¶ 11, citing *Foley*, syllabus, citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80-81 (1984).

**{¶52}** "'In order to recover on a claim of breach of contract, the plaintiff must prove (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damage or loss to the plaintiff.'" *Williams v. Edgell*, 2024-Ohio-2129, ¶ 71 (7th Dist.), quoting *Price v. Dillon*, 2008-Ohio-1178, ¶ 44 (7th Dist.).

**{¶53}** The record reveals the parties entered into a verbal agreement in April 2021 for Appellant to record ten of Appellee's songs. The recordings were completed in October 2021 and loaded onto various internet music streaming services. Appellee subsequently requested stems or masters of the recordings. A rift developed between the parties and Appellant refused to furnish the stems or masters.

**{¶54}** At the November 7, 2023 small claims hearing, Appellee was seeking damages in the amount of $6,000. Appellee indicated he suffered economic harm as a result of Appellant not releasing the recordings he had made of Appellee's music. Appellee testified he was working with another artist on a contract, Bootsy Collins; Appellant knew about the contract when he agreed to record the music; and Appellant was also aware that Appellee had a deadline to meet. Appellee said Appellant made the ten recordings as agreed, but did not give him the master copies by the deadline or any time thereafter. As a result, Appellee lost his contract with Bootsy Collins. Appellee asked for the $2,000 he paid to Appellant and the $1,000 he paid to other musicians who participated in the recordings.

**{¶55}** Appellant testified that Appellee had been referred to him by a family member. Appellant said Appellee only paid him $800 in cash at the beginning. Appellant spent a great deal of time on this passion project and the parties' relationship deteriorated.

Appellant claimed he fulfilled his duties and was no longer willing to work with Appellee. Appellant said he did not agree to deliver masters or stems. Appellant did not believe Appellee had another contract with Bootsy Collins or that there was any deadline.

**{¶56}** The magistrate found the parties entered into an oral agreement in which Appellee paid Appellant to record his music and supply Appellee with master copies. The magistrate found Appellee's testimony was credible and found Appellant failed to provide the master recordings. In awarding $3,000 to Appellee, the trial court stated: "As to Defendant's sixth and seventh objections . . . dealing with the enforceability and breach of an oral contract and awarding of damages, the Court finds the Magistrate properly determined the factual issues and appropriately applied the law." (6/3/2024 Judgment Entry, p. 3).

**{¶57}** Based on the facts presented in this case, as addressed, the trial court did not err in ruling in favor of Appellee. The trier of fact was in the best position to observe the witnesses and weigh the credibility of the evidence. *See AJ Amatore & Co. v. Sebastiani*, 2019-Ohio-4879, ¶ 34 (7th Dist.).

**{¶58}** Appellant's sixth and seventh assignments of error are without merit.

## CONCLUSION

**{¶59}** For the foregoing reasons, Appellant's assignments of error are not well-taken. The December 7, 2023 and June 3, 2024 judgments of the Youngstown Municipal Court, Small Claims Division, are affirmed.


Robb, P.J., concurs.

Hanni, J., concurs.

––––––––––––––––––––––––

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgments of the Youngstown Municipal Court, Small Claims Division, of Mahoning County, Ohio, are affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**