[Cite as *Johnson v. Sailor*, 2025-Ohio-572.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

ANTHONY JOHNSON,

Plaintiff-Appellee,

v.

TOM SAILOR DBA CROWS NEST RECORDING,

Defendant-Appellant.

---

### OPINION AND JUDGMENT ENTRY
### Case No. 24 MA 0063

---

Application for Reconsideration

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Denied.

---

Anthony Johnson, Plaintiff-Appellee (No Response Filed) and

*Atty. Cherie H. Howard,* for Defendant-Appellant.

Dated: February 20, 2025

**PER CURIAM.**

{¶1}   On February 3, 2025, Appellant, Tom Sailor dba Crow's Nest Recording Studio, filed an application requesting that this court reconsider our decision in *Johnson v. Sailor*, 2025-Ohio-212 (7th Dist.).

{¶2}   Appellant appealed from two December 7, 2023 judgments and one June 3, 2024 judgment of the Youngstown Municipal Court, Small Claims Division, which adopted magistrate's decisions that: (1) denied Appellant's motion to dismiss Appellee's, Anthony Johnson, amended complaint for failure to perfect service within one year; (2) dismissed Appellant's counterclaim; (3) denied Appellant's motion to transfer the case to the trial court's regular docket; and (4) granted judgment in favor of Appellee and against Appellant in the amount of $3,000 following a small claims hearing.

{¶3}   On appeal, Appellant raised seven assignments of error, asserting the trial court erred: (1) in reversing, sua sponte, its August 10, 2023 judgment vacating the default judgment; (2) in overruling his motion to dismiss the complaint for lack of personal jurisdiction; (3) in adopting the magistrate's refusal to grant him a continuance; (4) in adopting the magistrate's refusal to transfer the case to the court's regular docket; (5) in dismissing his counterclaim; (6) in finding a breach of contract; and (7) in awarding money damages.

{¶4}   Finding no reversible error, this court affirmed on January 24, 2025. *Johnson*, 2025-Ohio-212, at ¶ 3, 59 (7th Dist.).  Appellant contends this court's decision was in error and that we should, therefore, reconsider the opinion pursuant to App.R. 26(A).

App.R. 26, which provides for the filing of an application for reconsideration in this court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981). The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.* An application

for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

*D.G. v. M.G.G.*, 2019-Ohio-1190, ¶ 2 (7th Dist.).

**{¶5}** In his application, Appellant contends "There Are Obvious Errors in This Court's Decision[,]" appearing to question all of the issues raised in his seven assignments of error on appeal. (2/3/2025 Appellant's Application for Reconsideration, p. 2). Contrary to Appellant's assertions, the record establishes this court did not make any obvious errors or render a decision that is not supported by the law. This court thoroughly and properly addressed each of Appellant's arguments raised on appeal, as evidenced from our decision.

**{¶6}** Specifically, in *Johnson*, regarding Appellant's first and second assignments of error, we stated the following:

Here, the trial court acted within the purview of Civ.R. 60(A). Again, the record reveals the following:

On August 11, 2022, Appellee filed a pro se small claims complaint against Appellant and an amended complaint on September 20, 2022. A hearing was held on October 25, 2022. Appellant's retained counsel, Attorney Kim Akins, did not file an appearance but appeared to contest service of process.

On that same date, the amended complaint was sent via regular mail with certificate of mailing to Appellant at 814 Marshall St., Youngstown, Ohio as well as c/o Attorney Kim Akins, 830 Mansell Dr., Youngstown, Ohio. Neither of these mailings were returned as undeliverable and the presumption was of proper service.

On January 2, 2023, the small claims hearing went forward. Appellant failed to appear and a default judgment was rendered for $3,000.00 in Appellee's favor. Appellant obtained new counsel, Attorney Cherie Howard, who entered a notice of appearance. On January 26, 2023, Attorney Howard filed a motion to vacate the default judgment based on failure of service. Due to an unexplained clerical error, this matter did not come to the trial court's attention until August 8, 2023. Due to this prolonged timespan, the court granted Appellant's motion to vacate on August 10, 2023 and ordered Appellee to serve Appellant at the last address noted in Appellant's motion to vacate.

On October 17, 2023, Appellant filed a motion to dismiss the complaint for Appellee's failure to perfect service within one year under Civ.R. 3(A). The magistrate recommended denying that motion on October 31, 2023. On November 7, 2023, the scheduled small claims hearing was held. Appellant filed objections to the magistrate's decision.

On December 7, 2023, regarding Appellant's motion to vacate the default judgment, the trial court held, "(*i*)*n hindsight*," it "should not have granted said motion." (Emphasis added). (12/7/2023 Judgment Entry, p. 2). The court adopted the magistrate's decision and denied Appellant's motion to dismiss the complaint for failure to perfect service within one year. The court found:

Defendant's Motion to Vacate included an Affidavit by the Defendant which *he admitted* as follows:

4. About August 2022 or September 2022, Bart Blum, a tenant at 814 Marshall Street, Youngstown, Ohio 44502, gave me notice for certified mail that had been delivered to his mailbox. I never claimed the certified mail.

5. Then, in October 2022, Bart Blum gave me a regular mail envelope that had been delivered to his mailbox. The notice in the regular mail

envelope notified me that Anthony Johnson had sued me in small claims court and that a hearing was set for October 25, 2022.

6. I retained Attorney Kim Akins to appear at the October 25th hearing to notify the court that the small claims complaint contained a wrong mailing address and that I had never been properly served notice of the lawsuit.

7. On or about January 4, 2023, I discovered that a judgment had been entered against me.

. . .

Procedural due process . . . does not permit a person to intentionally thwart or avoid service. *Defendant himself admits he intentionally did not claim certified mail. He admits that sometime in October, 2022 he received, read and was "notified" of the claim against him and who was bringing it and that a hearing was to be held October 25, 2022. Defendant admits he then hires Attorney Kim [Akins] to deny service . . .*

. . .

As shown in Defendant's sworn affidavit this Court deems *Defendant had actual notice of this matter since October 2022. Not only does he admit to being notified by the actual complaint document, he hires 2 attorneys throughout this process. The first attorney, according to the Magistrate, gave permission to have Defendant served at her address which was accomplished on or around October 26, 2022 . . .*

(Emphasis added). (12/7/2023 Judgment Entry, p. 2-4); *see also* (1/15/2023 Affidavit of Tom Sailor).

Based on the facts presented and the record before us in this particular case, the trial court did not make a substantive mistake in changing its mind. *See O'Neill*, 1997 WL 610615, * 2 (1st Dist. Oct. 3, 1997).

Case No. 24 MA 0063

Rather, the court acted "[*i*]*n hindsight*." (Emphasis added). (12/7/2023 Judgment Entry, p. 2). "Hindsight" is defined as "perception of the nature of an event after it has happened[.]" *Merriam-Webster Online*, https://www.merriam-webster.com/dictionary/hindsight (accessed Nov. 27, 2024). As addressed, because of an unexplained clerical error, Attorney Howard's January 26, 2023 motion to vacate the default judgment did not come to the court's attention until August 8, 2023. The court initially granted the motion two days later. Although not a best practice, it appears the court quickly signed its concise judgment entry as a result of this prolonged timespan. Following the November 7, 2023 small claims hearing, the court held, "[*i*]*n hindsight*," it "should not have granted said motion." (Emphasis added). (12/7/2023 Judgment Entry, p. 2). This clerical mistake consisting of a "blunder in execution" was properly corrected under Civ.R. 60(A). *See O'Neill* at *2. Thus, the court had the authority to vacate its own judgment due to its hindsight. *Id.* (Holding the trial court did not change its mind but rather corrected its oversight by sua sponte vacating its own judgment after realizing that a motion had been pending, thereby acting within the purview of Civ.R. 60(A)).

The record reveals Appellee's pro se small claims complaint was filed on August 11, 2022 and an amended complaint was filed on September 20, 2022. The record further reveals, and Appellant admitted, he had actual notice of this matter since October 2022 and he hired his first attorney to deny service. *See* (1/15/2023 Affidavit of Tom Sailor). The trial court properly determined "[p]rocedural due process . . . does not permit a person to intentionally thwart or avoid service." (12/7/2023 Judgment Entry, p. 3). Based on the facts presented, because service was perfected under Civ.R. 3(A), the court did not err in adopting the magistrate's decision denying Appellant's motion to dismiss.

*Johnson*, 2025-Ohio-212, at ¶ 23-30 (7th Dist.).

Case No. 24 MA 0063

**{¶7}** In *Johnson*, regarding Appellant's third assignment of error, we stated the following:

> In the instant matter, in ruling on Appellant's objections to the February 5, 2024 magistrate's decision, the trial court stated in its June 3, 2024 judgment:
>
> > As to Defendant's second objection, the Court sustains Magistrate's denial of Defendant's oral motion to continue made on the day of trial. Defense counsel filed a notice of appearance on January 26, 2023 along with a Motion to Vacate the default judgment filed against her client. Said motion was granted on August 8, 2023, though in hindsight this Court did note in its entry of December 7, 2023 dealing with the service issue that it should not have granted said motion. A hearing was held on October 5, 2023 and all parties were present and nothing regarding a counter-claim or trial continuance was noted. No other pleadings were filed by either side, in fact Defendant had not even filed an Answer at this point with a trial date set for November 7, 2023. On November 6, 2023 at approximately 3:00 pm, Defendant filed, without request for leave, an Answer, Counter-Claim and Motion to Transfer to regular docket. The Counter-Claim was dismissed by the Magistrate as untimely filed and the Motion to Transfer was denied. This Court believes the Magistrate's decision was proper and not an abuse of discretion. This objection is overruled.
>
> (6/3/2024 Judgment Entry, p. 1-2).
>
> Again, the record reveals, and Appellant admitted, he had actual notice of this matter since October 2022 and he hired his first attorney to deny service. *See* (1/15/2023 Affidavit of Tom Sailor). The scheduled small claims hearing was held on November 7, 2023. At that hearing, Appellant's counsel made an oral motion to continue, which was overruled by the trial court.

Case No. 24 MA 0063

Upon considering the applicable *Unger* factors, we find no abuse of discretion. Specifically, "the inconvenience to litigants, witnesses, opposing counsel and the court", "whether the requested delay [was] for legitimate reasons or whether it [was] dilatory, purposeful, or contrived", "whether [Appellant] contributed to the circumstance which [gave] rise to the request for a continuance", "and other relevant factors, depending on the unique facts of [the] case" support the trial court's decision in the case at bar. *See Matter of E.T.*, 2023-Ohio-444, ¶ 86 (7th Dist.), citing *Unger,* 67 Ohio St.2d at 67-68.

*Johnson,* 2025-Ohio-212, at ¶ 34-36 (7th Dist.).

**{¶8}**   In *Johnson*, regarding Appellant's fourth and fifth assignments of error, we stated the following:

At the November 7, 2023 small claims hearing, the magistrate recommended dismissing Appellant's counterclaim, which accompanied his motion to transfer, due to the untimely filing and the fact that pro se Appellee was not served. Again, the trial court adopted the magistrate's decision dismissing Appellant's counterclaim and denying Appellant's motion to transfer the case to the court's regular docket, specifically stating in its December 7, 2023 judgment:

Defendant's request to transfer this matter to regular docket is overruled. In the Court's decision adopting the Magistrate's denial of Defendant's Motion to Dismiss it discusses the facts that support Defendant had actual notice of the claim made against him and who made it sometime in October, 2022 but before October 25, 2022. Notice of this matter, who made it and scheduled hearing was admitted to by the Defendant himself in his affidavit in support of his Motion to Vacate filed on January 7, 2023.

Defendant filed his counterclaim the day before the scheduled Small Claims trial. This, in the Court's opinion did not give reasonable or sufficient notice to the pro se Plaintiff to prepare for such an action. The Small Claims

trial proceeded with all parties present as well as Defense counsel. Therefore the Court sua sponte dismisses the Defendant's counter claim and denies the transfer of this matter to the Court's regular docket.

(12/7/2023 Judgment Entry, p. 2).

Also, in its June 3, 2024 judgment, regarding Appellant's counterclaim, the trial court stated:

Defendant's fourth objection . . . dealing with the dismissal of Defendant's Counter-Claim is overruled. For reasons mentioned in the Court's response to Defendant's second objection. Defendant untimely filed, without leave of this Court, his Counter-Claim filed at 3:09 pm, the day before the set trial date. Defendant made no mention of a counter-claim prior to this though he and his counsel had been before the court previously and had ample time to file any of [these] pleadings prior to the evening before trial. It is this Court's opinion the Magistrate ruling was proper. Not only was leave not requested to file the counter-claim but it was made the evening before trial was to begin. The Court cannot condone such conduct at the cost of a pro-se litigant.

(6/3/2024 Judgment Entry, p. 2).

As stated, the record reveals, and Appellant admitted, he had actual notice of this matter since October 2022 and he hired his first attorney to deny service. *See* (1/15/2023 Affidavit of Tom Sailor). Based on the facts presented, as addressed, the trial court did not abuse its discretion in overruling Appellant's request to transfer. Also, Appellant and his counsel had ample time to file the pleadings at issue in a timely manner. However, they did not. The notice and summons in this small claims case clearly advised that a counterclaim must be served at least five days before trial. Appellant did not file his counterclaim until the day before the scheduled November 7, 2023 small claims hearing. This late filing, made without leave

Case No. 24 MA 0063

of court, clearly did not provide pro se Appellee reasonable or sufficient notice to prepare for such an action. The small claims hearing proceeded with both parties present as well as defense counsel. Based on the facts presented, as addressed, the trial court did not abuse its discretion in dismissing Appellant's counterclaim.

*Johnson*, 2025-Ohio-212, at ¶ 44-46 (7th Dist.).

{¶9}    Finally, in *Johnson*, regarding Appellant's sixth and seventh assignments of error, we stated the following:

> The record reveals the parties entered into a verbal agreement in April 2021 for Appellant to record ten of Appellee's songs. The recordings were completed in October 2021 and loaded onto various internet music streaming services. Appellee subsequently requested stems or masters of the recordings. A rift developed between the parties and Appellant refused to furnish the stems or masters.
>
> At the November 7, 2023 small claims hearing, Appellee was seeking damages in the amount of $6,000. Appellee indicated he suffered economic harm as a result of Appellant not releasing the recordings he had made of Appellee's music. Appellee testified he was working with another artist on a contract, Bootsy Collins; Appellant knew about the contract when he agreed to record the music; and Appellant was also aware that Appellee had a deadline to meet. Appellee said Appellant made the ten recordings as agreed, but did not give him the master copies by the deadline or any time thereafter. As a result, Appellee lost his contract with Bootsy Collins. Appellee asked for the $2,000 he paid to Appellant and the $1,000 he paid to other musicians who participated in the recordings.
>
> Appellant testified that Appellee had been referred to him by a family member. Appellant said Appellee only paid him $800 in cash at the beginning. Appellant spent a great deal of time on this passion project and the parties' relationship deteriorated. Appellant claimed he fulfilled his

duties and was no longer willing to work with Appellee. Appellant said he did not agree to deliver masters or stems. Appellant did not believe Appellee had another contract with Bootsy Collins or that there was any deadline.

The magistrate found the parties entered into an oral agreement in which Appellee paid Appellant to record his music and supply Appellee with master copies. The magistrate found Appellee's testimony was credible and found Appellant failed to provide the master recordings. In awarding $3,000 to Appellee, the trial court stated: "As to Defendant's sixth and seventh objections . . . dealing with the enforceability and breach of an oral contract and awarding of damages, the Court finds the Magistrate properly determined the factual issues and appropriately applied the law." (6/3/2024 Judgment Entry, p. 3).

Based on the facts presented in this case, as addressed, the trial court did not err in ruling in favor of Appellee. The trier of fact was in the best position to observe the witnesses and weigh the credibility of the evidence. *See AJ Amatore & Co. v. Sebastiani*, 2019-Ohio-4879, ¶ 34 (7th Dist.).

*Johnson*, 2025-Ohio-212, at ¶ 53-57 (7th Dist.).

**{¶10}** Upon consideration of the App.R. 26(A) application filed in the present matter, it is apparent that Appellant has not demonstrated any obvious errors or raised any issues that were not adequately addressed in our previous opinion. This court thoroughly and properly addressed each of Appellant's arguments raised on appeal, as evidenced from our decision. This court is not persuaded that we erred as a matter of law.

**{¶11}** An application for reconsideration is not designed to be used in situations wherein a party simply disagrees with the logic employed or the conclusions reached by an appellate court. *Owens,* 112 Ohio App.3d at 336. App.R. 26(A) is meant to provide a mechanism by which a party may prevent a miscarriage of justice that could arise when

an appellate court makes an obvious error or renders a decision that is not supported by the law. *Id*. Appellant has made no such demonstration.

{¶12} For the foregoing reasons, Appellant's application for reconsideration is hereby denied.

**JUDGE KATELYN DICKEY**

**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**

<u>Case No. 24 MA 0063</u>